605 A.2d 829

**COMMONWEALTH of Pennsylvania**

v.

**Miklos HOMOKI, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1992.

Filed April 7, 1992.

Miklos Homoki, pro se.

James J. Narlesky, Asst. Dist. Atty., Easton, for Com.

Before DEL SOLE, TAMILIA and HESTER, JJ.

HESTER, Judge:

Miklos Homoki appeals from the May 3, 1991 judgment of sentence entered by the Court of Common Pleas of North-

ampton County after he was found to be in violation of the terms of his probation. On April 12, 1991, the trial court found that appellant violated his probation as alleged by his probation officer, who found appellant in possession of cocaine and a large knife. Appellant subsequently was sentenced to serve twelve to twenty-four months imprisonment.

In this appeal, appellant argues that the trial court violated his due process rights by holding only one hearing to find probable cause that he violated his probation. He argues that separate *Gagnon I* and *Gagnon II* hearings were required; one to find probable cause and to afford him notice of the charges so that he could prepare his defense, and the other to determine whether facts existed to justify revocation of his probation. We find merit in appellant's argument, and accordingly, we are constrained to vacate sentence and remand for a *Gagnon II* hearing.

On October 17, 1990, appellant tendered a guilty plea to two counts of possession of methamphetamine and one count of possession of heroin. On the same date, he was sentenced to two concurrent six-to-twelve month terms of imprisonment on the two counts of possession of methamphetamine and to one six-to-twelve month term of imprisonment on the count of possession of heroin. The sentence on the heroin count was made consecutive to the sentences imposed on the methamphetamine counts. The sentence was then suspended, and the court ordered appellant to be placed on two, consecutive nine month terms of probation.

On April 12, 1991, the court held a probation violation hearing based on the petition of Northampton County Probation Officer Mark Mazziotta. During a visit to appellant's home on March 25, 1991, Mr. Mazziotta allegedly found appellant in possession of certain items which violated the terms of appellant's probation. At the time, appellant lived with his sister and her young son. At the hearing, Mr. Mazziotta, testified that when he visited appellant on March 25, 1991, he discovered a large knife, wrapped in cloth, on the table beside appellant's bed. He

also seized a pack of Kool cigarettes which contained cocaine wrapped in a crumpled magazine paper. Possession of a weapon and drugs violated the conditions of appellant's probation. At the hearing, appellant admitted that he had possessed and consumed alcoholic beverages that day, which also violated conditions of his probation, but denied the knife was a weapon or that he knew anything about the cocaine found in the pack of cigarettes.

Appellant testified at the hearing that his sister, Virginia Homoki, bought the knife as a gift for him without his knowledge. This differed from appellant's first explanation to Mr. Mazziotta, that he had been sharpening the knife for a friend. Mr. Mazziotta also testified that appellant later stated that he kept the knife beside his bed for protection. Appellant, however, denied either statement.

Appellant's sister testified that she was not aware that her brother possessed or kept any contraband in the apartment they shared. The probation officer, however, maintained that he inspected only the part of the premises occupied by appellant and not the area in which his sister lived. At the hearing, the trial court found probable cause to support Mr. Mazziotta's allegations and revoked appellant's probation.

The trial court then went on to discuss at the same hearing the option of ordering appellant to participate in an *inpatient* drug counseling program as an alternative to incarceration. Appellant indicated to the court at the April 12, 1991 hearing that he was willing to participate in inpatient drug counseling. Appellant, however, later informed the court by letter that he did not wish to participate. On April 24, 1991, the trial court denied appellant's post-trial motions in which he alleged that his due process rights had been violated because the trial court did not hold the required *Gagnon I* and *Gagnon II* hearings separately. On May 3, 1991, the trial court reimposed the October 17, 1990 suspended sentence of twelve to twenty-four months imprisonment. This appeal followed.

Appellant asserts that his due process rights were violated when the trial court failed to hold two separate hearings on his probation violation. Therefore, appellant argues, his sentence must be vacated. He contends that the United States Supreme Court decisions in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), require that two separate hearings be held in order to revoke parole or probation. The first hearing is a preliminary hearing intended to inform the defendant of the nature of the charges so that he may prepare a defense. The second hearing is designed to determine whether facts exist to justify revocation of parole or probation. In *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975), we discussed *Gagnon* and stated:

"At the preliminary *Gagnon I* hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence on his own behalf, a conditional right to confront adverse witnesses, an independent decision maker, and a written report of the hearing." *Gagnon v. Scarpelli, supra,* 411 U.S. at 786, 93 S.Ct. at 1761, citing *Morrissey v. Brewer, supra,* 408 U.S. at 487, 92 S.Ct. 2593. Thus, the *Gagnon I* hearing is similar to the preliminary hearing afforded all members before a Common Pleas Court trial: the Commonwealth must show probable cause that the violation was committed.

The *Gagnon II* hearing entails, or may entail, two dimensions: first, a "consideration of whether the facts determined warrant revocation." *Morrissey v. Brewer, supra* at 488, 92 S.Ct. at 2603. "The first step in a *Gagnon II* revocation decision ... involves a wholly retrospective factual question: whether the parolee or probationer has in fact acted in violation of one or more conditions of his parole or probation." *Gagnon v. Scarpelli, supra,* 411 U.S. at 784, 93 S.Ct. at 1761, citing *Morrissey v. Brewer, supra,* 408 U.S. at 479–80, 92 S.Ct. 2593.... "Only if it is determined that the parolee or

probationer did violate the conditions does the second question arise: should the parolee or probationer be recommitted to prison or should other steps be taken to protect society and improve the chances of rehabilitation?" *Gagnon v. Scarpelli, supra,* 411 U.S. at 784, 93 S.Ct. at 1761, citing *Morrissey v. Brewer, supra,* 408 U.S. at 479-80, 92 S.Ct. at 2593.

*Id.,* 234 Pa.Super. at 39-40, 336 A.2d at 621. Appellant argues that only one hearing was held in the instant case before his probation was revoked and he was sentenced.

The Commonwealth contends, as did the trial court, that the trial court held two separate hearings, a *Gagnon I* hearing and a *Gagnon II* hearing, one following the other on the same day. The Commonwealth asserts appellant obviously was informed of the charges brought against him since he was prepared with a defense. The Commonwealth asserts that appellant has not alleged he was not informed of the charges against him or that his defense was handicapped in any way. Moreover, the trial court determined, and the Commonwealth asserts, that there is no requirement that the two hearings must be held at different times.

We cannot accept this explanation. Our law clearly requires two independent hearings. Running them together or holding them on the same day does not meet the constitutional due process requirements set forth in *Gagnon*. The instant hearing was held on one day, April 12, 1991. This met the requirement of *Gagnon I* by informing appellant at a hearing of the nature of the charges being brought against him after review by a neutral authority. The trial court, however, improperly proceeded to revoke appellant's probation. It then sentenced him without holding a separate hearing. The purpose of the preliminary *Gagnon I* hearing is for an authority independent of the probation officer, who at this stage is acting as a prosecutor, to review the charges for probable cause and to inform appellant of the probation violations alleged against him. We cannot accept that "two parts" to "one hearing" constitute two separate hearings.

If we accepted the Commonwealth's argument, a probationer, such as appellant, or parolee would not be afforded the time and opportunity to prepare a defense against charges after review of them by a neutral body. Such a procedure could result in arbitrary and unchecked power by a probation officer to bring charges that could lead to incarceration if the parolee or probationer could not assert an adequate defense. Appellant was informed of the charges, his probation was revoked, and a sentence was imposed, all in one hearing. In our view, the instant proceedings defeated the constitutional due process requirements set forth in *Commonwealth v. Davis, supra,* and was improper.

Accordingly, we are constrained to vacate appellant's sentence and remand with directions for the trial court to hold a *Gagnon II* hearing. Jurisdiction relinquished.