J-S07002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GARTH WILLIAM ATKINS | |
| Appellant | No. 1015 MDA 2016 |

Appeal from the Judgment of Sentence May 23, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000464-2015

BEFORE:  BOWES, LAZARUS, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 15, 2017**

Garth William Atkins appeals from the May 23, 2016 judgment of sentence of five to twelve months incarceration imposed following the revocation of his probation for technical violations.  After careful review, we vacate the judgment of sentence and remand for a new violation of probation ("VOP") hearing.

Appellant pled guilty to harassment by communication, a third-degree misdemeanor, and disorderly conduct, a summary offense, and the court sentenced him to one year of probation. Within one month, his supervision was transferred to Huntingdon County.  On December 30, 2015, a bench warrant issued for Appellant based on technical probation violations. Specifically, Appellant was charged with violating Condition 5 of his

probation, the requirement that he pay all fines, costs and restitution, and Condition 6, failing to keep appointments with the probation and parole department, to wit, a mandatory appointment on December 28, 2015.

A VOP hearing was held on May 23, 2016, when the Commonwealth established only that the costs, fines and restitution had been paid and offered no evidence that Appellant missed any probation appointments. Nonetheless, the Commonwealth asked that Appellant's probation be revoked, that he be sentenced to five to twelve months in the county facility, with credit for time served, and that he be required to complete the Pride Program, after which he would be eligible to apply for parole.

Appellant appeared without counsel. He questioned why he was being required to participate in the Pride Program when his offenses had nothing to do with drugs or alcohol. He also objected to five months incarceration for missing one probation appointment and pointed out that he had no new criminal charges or offenses. When the court accused Appellant of only paying his fines and costs "because they found you and brought you in," Appellant reminded the court that he turned himself in. N.T. Probation Revocation Hearing, 5/23/16, at 3.

At that juncture, a third person, identified in the record only as Ms. Delker, interjected that Appellant tested positive for marijuana when he was

drug-tested during intake in Huntingdon County and that he stated he would not stop smoking.[1] She also represented to the court that Appellant was highly intoxicated when he turned himself in, and offered this information in support of the recommendation that he be required to participate in the substance abuse program. Appellant disputed that account, advising the court that no urine sample was taken in Huntingdon County. Appellant candidly admitted, however, that, after he completed what he was required to do, he was going to get into a medical marijuana program.

The trial court found by a preponderance of the evidence that the two conditions of Appellant's probation had been violated, revoked his probation, and ordered him to undergo imprisonment in the Centre County Correctional Facility for five to twelve months with credit for time served. The court also ordered Appellant to complete the Pride Program, and pronounced him eligible for work release and re-entry programming.

At that point, the attorney for the Commonwealth inquired whether a colloquy was necessary. The trial court acknowledged that a colloquy was probably necessary, and asked Appellant whether he understood that he had a right to a court-appointed attorney. He answered in the affirmative. Appellant was then sworn and examined regarding his right to be

---

[1] The trial court identified Ms. Ashley Delker in its Rule 1925(a) opinion as Appellant's probation officer.

represented by counsel, his right to have counsel appointed at no cost to him, and whether he understood the nature of the charges, the permissible range of sentences and/or fines, and that there are possible defenses to the charges that if not raised could be permanently lost. Appellant responded in the affirmative to each question, and when asked whether he "still want[ed] to proceed by yourself," he responded, "For an M3 and a summary, yes." N.T. Probation Revocation Hearing, 5/23/16, at 8. At that point, the hearing concluded without any discussion of post-sentence motions or appeal rights.

On June 20, 2016, Appellant filed a counseled *nunc pro tunc* post-sentence motion alleging that the court's failure to apprise him of his post-sentence rights constituted a breakdown in the judicial process and warranted consideration of the motion. He alleged further that, although he appeared without counsel at the hearing, the trial court failed to conduct an on-the-record colloquy to ascertain whether he was waiving his right to counsel at the onset of the proceeding. Appellant asked that his sentence be vacated and judgment arrested due to a lack of sufficient evidence to support the violations, and finally, that his sentence of incarceration for a technical violation was excessive. Appellant filed a notice of appeal to this Court on June 21, 2016.[2] He timely complied with the court's order to file a

_____

[2] Although the notice of appeal was not filed within thirty days of judgment of sentence, we decline to quash the appeal. Since the trial court did not
*(Footnote Continued Next Page)*

Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and the trial court penned its Rule 1925(a) opinion. Appellant presents three issues for our review:

I. Did the trial court err in not effectively colloquying Defendant on his waiver of counsel prior to what purported to be his probation violation hearing?

II. Did the trial court err in finding sufficient evidence to support alleged probation violations absent sworn testimony or a valid admission?

III. Was a sentence of total confinement for technical probation violations excessive?

Appellant's brief at 4 (unnecessary capitalization deleted).

This is an appeal from a sentence imposed after the court revoked probation. This Court "can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa.Super. 2015) citing *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033 (Pa.Super. 2013) (*en banc*).

Appellant's first issue implicates the validity of the VOP proceeding. The trial court and the parties agree that a criminal defendant who declares

_(Footnote Continued)_ ───────────────

advise Appellant of his right to file a post-sentence motion and to appeal, and the timing of the exercise of those rights, as required by Pa.R.Crim.P. 704(C)(3), an administrative breakdown occurred that excused the timely filing of the notice of appeal. *See Commonwealth v. Patterson*, 940 A.2d 493 (Pa.Super. 2007) (citing cases).

- 5 -

his intention to represent himself must be colloquied on the record by the court to demonstrate his appreciation of his right to counsel, that counsel will be provided at no cost if he cannot afford counsel, that he has a right to waive counsel, but that there are risks attendant to the waiver.  That right attaches at every stage of a criminal proceeding where substantial rights may be affected, including at a probation violation hearing.  *Mempa v. Rhay*, 389 U.S. 128 (1967) (holding counsel must be afforded at a probation revocation); Pa.R.Crim.P. 708(B)(1).  The content of the on-the-record colloquy is set forth in Pa.R.Crim.P. 121.

Appellant appeared without counsel and the VOP court did not conduct an on-the-record colloquy prior to the hearing to determine whether Appellant knowingly and intelligently was waiving his right to counsel. Appellant alleges that the trial court's waiver colloquy **after** he had been found in violation of his probation and sentenced constituted reversible error.   He relies upon this Court's decision in *Commonwealth v. Patterson*, 931 A.2d 710, 715 (Pa.Super. 2007), in support of his contention that the waiver colloquy must be conducted prior to allowing a defendant to proceed *pro se*.

The trial court maintained that its *post hoc* inquiry into Appellant's understanding and intent was sufficient. The Commonwealth concedes, however, that a colloquy should have been conducted prior to commencing the hearing and certainly prior to questioning Appellant about the allegations

that gave rise to the violation.  Nonetheless, the Commonwealth attempts to excuse this deficiency by recasting the events.  It suggests that Appellant made admissions that negated the need for a hearing, *i.e.*, that a hearing did not occur, and that Appellant could have belatedly chosen after the colloquy to seek assistance of counsel and proceed with a hearing on the violation.  The Commonwealth posits that Appellant arguably would have understood that he could have requested counsel and a new hearing after he received the colloquy.  In an abundance of caution, however, the Commonwealth agrees that the case should be remanded for a new probation revocation hearing.

We agree that relief is due on this issue.  A defendant is entitled to counsel "at every stage of a criminal proceeding where substantive rights of the accused may be affected."  **Commonwealth v. Johnson**, 828 A.2d 1009 (Pa. 2003). Although the full panoply of rights due a defendant in a criminal trial are not applicable at a VOP hearing, the United States Supreme Court held in **Mempa**, **supra**, that counsel must be afforded at such a proceeding.  Our own criminal rules provide that probation shall not be revoked unless there has been "a hearing held as speedily as possible at which the defendant is present and represented by counsel[.]"  Pa.R.Crim.P. 708(B)(1).

In **Patterson**, **supra**, we vacated judgment of sentence on a probation violation and remanded for a hearing to determine the defendant's

representation where he appeared at a post-sentence hearing challenging revocation without counsel and the court proceeded without conducting a colloquy. In that case, the defendant had admitted to violating his probation based upon two new convictions and was sentenced to imprisonment. His counsel filed a motion opposing revocation of probation based on the fact that the defendant allegedly had completed his previous sentences. Counsel then sought to withdraw, and the court conducted a hearing on that motion. The defendant indicated at that hearing that he would seek other counsel for the hearing on the probation revocation, and counsel was permitted to withdraw. When the defendant appeared at the revocation hearing, he advised the court that he had not received notice of the hearing and that he was still in the process of engaging new counsel. The court asked whether he was aware of his right to court-appointed counsel. Appellant responded in the affirmative but declined appointment of counsel. At that juncture, the trial court proceeded to hear evidence regarding the defendant's prior sentences, determined that his sentences for prior convictions had not expired, found him to be in violation of probation, and sentenced him to two to four years imprisonment.

On appeal, this Court found that the brief colloquy, even when combined with the colloquy from an earlier hearing, was insufficient to satisfy the standards for waiver of counsel. The defendant was not asked whether he understood the permissible range of sentence, or the risks in

failing to assert rights in a timely manner. We concluded that he proceeded without counsel simply because he was there and had some knowledge of the arguments he wished to advance. We vacated the sentence, remanded for a hearing, and directed the VOP court that, if the defendant requested *pro se* status, "the trial court shall conduct a full colloquy on the record at the new sentencing hearing to ensure that his request is knowing, intelligent, and voluntary." ***Id***. at 716.

At the outset of the instant proceeding, the VOP court took no notice that Appellant did not have counsel or ask Appellant whether he intended to waive his right to counsel and proceed *pro se*. The court conducted the hearing, and only after Appellant was found to have violated his probation and was sentenced to a term of imprisonment, the Commonwealth belatedly raised the issue of a waiver colloquy. The trial court agreed that a colloquy was probably necessary and proceeded to conduct one on the record.

That Appellant did not understand the nature of the proceeding and the permissible range of sentence is clear from his response to the court's final question "And you still want to proceed by yourself?" N.T. Probation Revocation Hearing, 5/23/16, at 8. Appellant responded, "For an M3 and summary, yes[,]" an obvious reference to his underlying convictions, not to the probation violation and revocation.

This was a criminal proceeding where Appellant was entitled to counsel, he appeared *pro se*, and there was no effective waiver of counsel.

The Commonwealth's half-hearted attempt to suggest that Appellant's admissions obviated the need for a hearing, and that no hearing occurred, is belied by the record. Moreover, the Commonwealth's assertion that Appellant would have understood, after the belated colloquy, that he could still seek counsel and obtain a new hearing is untenable. The court did not offer Appellant that opportunity and his probation already had been revoked and sentence imposed. In light of the totality of circumstances, we find the after-the-fact colloquy ineffectual and that Appellant's purported waiver of counsel was not knowing and intelligent. The VOP judgment of sentence must be vacated and the matter remanded for a new VOP hearing.

Appellant also contends that, in addition to the ineffective waiver of his right to counsel, the evidence was insufficient to support the probation violation and that he is entitled to discharge. Were he correct, we would address Appellant's sufficiency of the evidence arguments. However, even assuming *arguendo* that the evidence was insufficient, the proper remedy is not discharge but to vacate the revocation which we have already ordered.

In **Commonwealth v. Mullins**, 918 A.2d 82 (Pa. 2007), our Supreme Court distinguished a probation violation from the situation where a conviction is overturned due to insufficient evidence. In the latter scenario, the Double Jeopardy Clause bars retrial. However, the double jeopardy considerations present in the context of a retrial are not present in the probation revocation scenario. Our High Court noted that this Court had

"consistently remanded for new VOP hearings when probation revocations were vacated due to insufficient evidence." *Id*. at 85 (citing *Commonwealth v. Sims*, 770 A.2d 346 (Pa.Super. 2001), *Commonwealth v. Homoki*, 605 A.2d 829 (Pa.Super. 1992), and *Commonwealth v. Maye*, 411 A.2d 783 (Pa.Super 1979), all reversing probation revocation and remanding for new revocation hearing because Commonwealth offered insufficient competent evidence). It reaffirmed that precedent, and reiterated that the purpose of a VOP hearing is "to establish to the satisfaction of the court that granted probation, that the individual's conduct warrants continuing him as a probationer." *Id*. at 86. The Court continued, "Even where the VOP hearing record is insufficient to sustain revocation of probation, this purpose should not be frustrated – the court that granted probation should not be precluded from determining whether probation remains the proper course only because the Commonwealth failed to include certain formalities in the record." *Id*.

Since we are vacating judgment of sentence and remanding for a new VOP hearing based on the failure of the trial court to obtain a knowing and intelligent waiver of Appellant's right to counsel prior to the hearing, we do not reach the issues of the sufficiency of the evidence and excessive sentence.

Judgment of sentence vacated and case remanded for a new VOP hearing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2017