J-S63028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY RICHARD TERRY | |
| Appellant | No. 354 WDA 2017 |

Appeal from the PCRA Order Dated February 1, 2017
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0002314-2011

BEFORE: BOWES, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SOLANO, J.:                    **FILED NOVEMBER 30, 2017**

Appellant Anthony Richard Terry pleaded guilty in 2012 to sexual assault and simple assault.[1]   In 2014, he was resentenced following a violation of his probation.  Appellant now appeals from an order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Between August 15 and August 17, 2011, Appellant and Charity Burnworth were residing together as boyfriend and girlfriend.  During those three days, Appellant physically assaulted Burnworth, and on August 17, he sexually assaulted her by forcing his penis into her vagina.  Burnworth reported what happened to her supervisor at work, who took her to the hospital.  N.T., 9/7/12, at 6.  Appellant then was criminally charged.

_____

[1] 18 Pa.C.S. §§ 3124.1 and 2701(a)(1), respectively.

The procedural history of this action was described by the PCRA court in its Order and Notice dated December 22, 2016:

[Appellant] entered into a plea agreement with the Commonwealth on September 7, 2012 regarding the charge of Sexual Assault and one count of Simple Assault; all other charges were *nolle prossed*. In exchange for pleading guilty, [the trial court] sentenced [Appellant] to 1 year less 1 day to 2 years less 2 days of incarceration on the charge of Simple Assault. On the count of Sexual Assault, [the trial court] sentenced [Appellant] to a consecutive period of 4 years of state probation.[1]

> [1] In addition, [Appellant] was ordered to undergo a Megan's Law assessment, domestic violence counseling, and sexual offender counseling. The [trial c]ourt further ordered that [Appellant] pay the costs of prosecution and complete a drug and alcohol evaluation and follow any recommended treatment. Finally, the [trial c]ourt proscribed contact with the victim and permitted work release while incarcerated upon verification of employment.

[Appellant] was released from the Washington County Correctional Facility on August 26, 2013, at which time he came under the parole supervision of the State Parole and Probation Department. On May 8, 2014, with assistance from Agent Renee Coll, State Parole Agent Patrick Hudock took [Appellant] into custody in the area of 150 W Beau Street for alleged parole violations. Due to the proximity to the Washington County Jail, Washington County Adult Probation was contacted and subsequently lodged a detainer against [Appellant]. [Appellant] was transported from the location of his arrest to the jail to await violation proceedings. The case was ultimately re-assigned from [the trial court] to the [violation of parole/probation ("VOP") court under Judge Gary Gilman].

While in the Washington County Jail, [Appellant] retained the legal services of the Public Defender's office. Assistant Public Defender Christopher Sherwood presented a Motion to Lift Detainer on August 28, 2014. Therein, Mr. Sherwood requested that the [VOP c]ourt lift the Adult Probation detainer because [Appellant] had been incarcerated for approximately three months without having a **Gagnon I** hearing.[2] Upon

consideration of the petition, the [VOP c]ourt scheduled a hearing for October 1, 2014.

> [2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (discussing revocation hearings).

At the October 1, 2014 hearing, the [VOP c]ourt issued a rule to show cause against the Commonwealth to file a probation revocation petition by October 10, 2014 or else the detainer against [Appellant] would be lifted. The [VOP c]ourt's order further provided that if the Commonwealth filed a petition by October 10, 2014, the [VOP c]ourt would hold a hearing on October 14, 2014. The Commonwealth filed a probation revocation petition on October 7, 2014. Consequently, the [VOP c]ourt conducted a *Gagnon II* hearing on October 14, 2014. On October 15, 2014, the [VOP c]ourt issued an order revoking, [Appellant]'s probation on the Sexual Assault charge and resentencing him to 1 year to 2 years of incarceration at a state penitentiary.

Order & Notice, 12/22/16, at 1-3.

On October 29, 2014, Appellant filed a *pro se* handwritten document entitled "Order of Discovery." In it, Appellant asserted that he should have been "put in [a] halfway house" and not incarcerated in a correctional facility.[2]

On May 8, 2015, Appellant filed a *pro se* application for leave to appeal *nunc pro tunc*. On June 9, 2015, Appellant filed a *pro se* petition for *habeas corpus*, a petition to expunge, and an application to the "Court for an Order for a Bill of Particulars." On June 29, 2015, Appellant filed a *pro se*

---

[2] Appellant also wrote: "time serve[d] in jail for the [case] 1 [year] less a day (11) month to day time server" and "put diwter in haly [house] in Pitt[sburgh,] [P]a o[r] Moon T[o]w[nshi]p" [*sic*]. We are unable to discern the meaning of this portion of Appellant's statement.

"omnibus motion" insisting that "Police did not have probable cause to execute the arrest warrants." Omnibus Mot., 6/29/15, at 1. On July 21, 2015, Appellant filed a *pro se* petition for reconsideration. On July 31, 2015, Appellant filed a second *pro se* writ of *habeas corpus*.

On September 28, 2015, the court appointed Stephen Paul, Esquire, "as PCRA counsel." Order, 9/29/15. Despite now being represented by counsel, on October 6, 2015, Appellant filed a *pro se* "Motion for Copy of Discover Order and DNA for the Case." On November 4, 2015, Appellant filed two separate *pro se* applications seeking a change of venue and a *supersedeas* pending appeal. On February 23, 2016, the court "ordered that Timothy Lyon, Esquire, is appointed to represent [Appellant,] replacing Stephen Paul, Esquire." Order, 2/23/16.

On February 25, 2016, Appellant filed a *pro se* PCRA petition. The court described the subsequent proceedings before it as follows:

> PCRA counsel filed three uncontested requests for extensions of time to file an amended PCRA petition, all of which were granted. On October 2[6], 2016, PCRA counsel filed an Amended Petition Pursuant to the Post Conviction Relief Act[, alleging that Appellant "received ineffective assistance of counsel when Attorney Sherwood[, Appellant's counsel at the VOP hearing, did not challenge" the sentencing order of October 14, 2014, "or file an appeal on Appellant's behalf." Am. PCRA Pet., 10/26/16, at ¶ 26.] On that same day, the [PCRA c]ourt issued an order scheduling an evidentiary hearing for December 15, 2016 concerning the amended petition.
>
> At the December 15, 2016 PCRA hearing, [Appellant] testified that the reason for filing his petition was that he did not have any type of violation hearing after his May 8, 2014 arrest for more than three months.[3] [Appellant] claimed that after the

- 4 -

October 14, 2014 *Gagnon II* hearing, but before being escorted back to the Washington County Jail, he asked Mr. Sherwood to file an appeal for this very reason and that Mr. Sherwood did not comply with his instructions. [Appellant] presented Exhibit A to support his claim that he wanted Mr. Sherwood to file an appeal on this basis.[4] Exhibit A is entitled Motion for Discovery and it was filed with the Washington County Clerk of Courts on October 29, 2014. Therein, [Appellant] claimed that he had not had a *Gagnon I* hearing (also known as a preliminary hearing) for three months after being arrested and that he had filed 5 separate petitions and motions without [] any success of having a violation hearing.[5]

[3] There was no testimony concerning when, or if, [Appellant] had a *Gagnon I* hearing. Certainly, the law requires that there be two independent hearings. ***Commonwealth v. Homoki***, 605 A.2d 829, 831 (Pa. Super. Ct. 1992). In Washington County, the *Gagnon I* hearing is conducted by the probation officers; the *Gagnon II* hearing is conducted by the trial court. This issue, however, is not material because [Appellant] never raised the issue in his PCRA petition.

[4] During the December 15, 2016 hearing, Mr. Sherwood testified that he and [Appellant] did speak immediately after the *Gagnon II* hearing. According to Mr. Sherwood, however, [Appellant] never asked him to file an appeal because a *Gagnon I* hearing did not take place for more than 3 months. Mr. Sherwood testified that [Appellant] was upset about the disposition of the *Gagnon II* hearing and that they only discussed the merits of filing an appeal regarding the length of the sentence that the [VOP c]ourt had imposed. Mr. Sherwood testified that he informed [Appellant] that he did not think there would be any merit to filing an appeal on the basis of the length of the sentence because he did not believe that the [VOP c]ourt had abused its discretion and there would be no substantial question on the sentence, Mr. Sherwood stated that, in response, [Appellant] agreed that he did not want to follow through with filing an appeal.

[5] A close review of the record reveals that [Appellant] filed 3 pleadings regarding this issue. All three were filed with the Clerk of Courts on May 22, 2014. [Appellant] entitled these

pleadings as requests for a **Gagnon I**, a **Gagnon II**, and a court hearing.

Order & Notice, 12/22/16, at 3-4. On February 1, 2017, the PCRA court dismissed Appellant's amended PCRA petition.

On March 1, 2017, Appellant filed a notice of appeal to this Court. Appellant has raised the following issue for this Court's review, which we repeat verbatim:

Whether the PCRA court erred in denying [Appellant]'s amended PCRA petition seeking the reinstatement of appellate rights where the PCRA court's decision is grounded upon credibility determinations that lack support in the record?

Appellant's Brief at 8.[3]

Our standard of review of an order dismissing a petition under the PCRA requires that we determinate whether the order is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). "The findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given great deference." **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009).

After careful review of the parties' briefs, the record, and the well-reasoned decision of the Honorable Gary Gilman, we affirm on the basis of

_____

[3] On July 7, 2017, this Court sent the Commonwealth a letter informing it that, pursuant to Pa.R.A.P. 2185(a), its brief was due by August 7, 2017. On September 27, 2017 – over fifty days after its brief was due — the Commonwealth filed a motion for an extension of time to file its brief. We deny the Commonwealth's motion.

the PCRA court's order dated February 1, 2017. **See** Order, 2/1/17, at 3-4 (finding that Attorney Sherwood testified credibly that Appellant did not request an appeal, and finding Appellant's testimony to the contrary not to be credible). We defer, as we must, to the PCRA court's credibility determinations. **Johnson**, 966 A.2d at 532. The parties are instructed to attach a copy of the PCRA court's order dated February 1, 2017, to all future filings that reference this Court's decision.

Commonwealth's untimely motion for extension of time to file brief denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2017

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | ) |
| | ) |
| v. | ) No.   CR 2314 - 2011 |
| | ) |
| | ) |
| ANTHONY TERRY | ) |
| Defendant. | ) |

**ORDER**

**AND NOW**, this 1st day of FEBRUARY, 2017, upon consideration of the Defendant's

Response to Notice of Intent to Dismiss, it is hereby ORDERED, ADJUDGED, and DECREED

that the Defendant's Amended Petition Pursuant to the Post-Conviction Relief Act ("PCRA") is

DISMISSED. The Defendant has the right to file an appeal within thirty (30) days of this Order.

THE DEFENDANT SHALL BE SERVED WITH NOTICE OF THIS ORDER BY CERTIFIED

MAIL, RETURN RECEIPT REQUESTED.

By way of further explanation, on December 15, 2016, the Court held an evidentiary

hearing concerning the Defendant's amended PCRA petition. By Order and Notice dated

December 22, 2016, the Court gave notice to the Defendant of its intent to dismiss his petition.

Further, the Court's notice provided a detailed explanation of the reasons why it believed the

petition should be dismissed. Counsel for the Defendant filed a Response to Notice of Intent to

Dismiss on January 23, 2017. Therein, the Defendant submits that the Court failed to address the

actual claim set forth in his amended PCRA petition and that the Court also failed to resolve the

factual dispute concerning whether the Defendant timely asked Mr. Sherwood to appeal the

October 15, 2014 sentencing order. Stated differently, the Defendant contends that the Court did

not adequately address his amended PCRA petition or the testimony from the December 15, 2016 hearing.

The Court disagrees with the Defendant's interpretation and summation of the explanation it provided in the December 22, 2016 Order and Notice. In consideration of the Defendant's response, however, the Court will take this opportunity to spell out its reasoning for dismissing the Defendant's amended PCRA petition.

The Court set forth the facts of this case in the Order and Notice. To reiterate in relevant part, the Defendant's amended PCRA petition stems from a Gagnon II hearing that took place on October 14, 2014. Christopher Sherwood represented the Defendant at that time. At the conclusion of the hearing, the Court found the Defendant to be in violation of his sentencing order and rules imposed by the Pennsylvania Board of Probation and Parole. The Court revoked the Defendant's probation on the Sexual Assault charge and resentenced him to 1 to 2 years of incarceration at a state penitentiary.[1]

The Defendant filed a series of *pro se* pleadings from April 30, 2015 through July 21, 2015. In response, the Court issued an order on September 29, 2015, appointing Stephen Paul as PCRA counsel. The case was reassigned to Timothy Lyon on February 23, 2016. PCRA counsel filed three uncontested requests for extensions of time to file an amended PCRA petition, all of which were granted. On October 27, 2016, PCRA counsel filed an Amended Petition Pursuant to the Post Conviction Relief Act. On that same day, the Court issued an order scheduling an evidentiary hearing for December 15, 2016 concerning the amended petition.

---

[1] The Court notes that the final signed order revoking the Defendant's probation and resentencing him is dated October 15, 2014.

2

The Defendant testified at the evidentiary hearing. PCRA counsel asked the Defendant, "And as a result of that [Gagnon II] hearing, were you resentenced?" In response, the Defendant stated: "I remember going to court that day and that's all I remember. I went back to the jail and the next day I knew I was going back to the prison." Transcript of PCRA Proceeding Held on December 15, 2016 at pp. 8-9. Later on in his testimony, however, the Defendant remembered when questioned by PCRA counsel that he had a conversation with Mr. Sherwood after the hearing. The Defendant claimed that after the October 14, 2014 Gagnon II hearing, but before being escorted back to the Washington County Jail, he told Mr. Sherwood, "I want[] to appeal this because they took three months to have a Gag I hearing. *Id.* at p. 9. PCRA counsel asked the Defendant, "You wanted to try to appeal the finding that you had been in violation because you believed that it took too long for them to schedule a hearing?" The Defendant replied, "Yes sir." *Id.* at pp. 9-10. According to the Defendant, Mr. Sherwood rendered ineffective assistance of counsel because he ignored the Defendant's request.

Mr. Sherwood also testified at the evidentiary hearing. In line with the Defendant, Mr. Sherwood stated that he and the Defendant did speak immediately after the Gagnon II hearing. Mr. Sherwood testified, however, that the Defendant did not ask him to file an appeal on the basis that the Gagnon I hearing had been delayed. Mr. Sherwood explained that the Defendant was upset about the disposition of the Gagnon II hearing and that they discussed the merits of filing an appeal regarding the length of the sentence that the Court had imposed. Mr. Sherwood testified that he informed the Defendant that he did not think there would be any merit to filing an appeal on the basis of the length of the sentence because he did not believe that the Court had abused its discretion and there would be no substantial question on the sentence. Mr. Sherwood

stated that, in response, the Defendant agreed that he did not want to follow through with filing an appeal.

Turning to the legal analysis of the issue presented, the Court recognizes that the Pennsylvania Supreme Court held in *Lantzy* that where there is an "unjustified failure to file a requested direct appeal," counsel is *per se* ineffective. *Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999). "Under this situation, no discussion of the potential merit of any claims is necessary or warranted." *Commonwealth v. Markowitz*, 329 A.3d 706, 715 (Pa. Super. Ct. 2011). As explained by the Superior Court, however, "*Lantzy* did not obviate the requirement that the petitioner first prove that he requested an appeal before he is entitled to relief." *Commonwealth v. Harmon*, 738 A.2d 1023, 1024-25 n. 5 (Pa. Super. Ct. 1999). "[B]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request." *Id.* at 1024 (citations omitted). "Mere allegation will not suffice; the burden is on Appellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel." *Id.* (citations omitted).

Here, the Court finds that the Defendant has not met his burden. The Defendant testified that he did not remember anything about October 14, 2014 other than going to court and going back to jail. Only when prompted by PCRA counsel did the Defendant recollect having had a conversation with Mr. Sherwood after the Gagnon II hearing. When PCRA counsel asked the Defendant what Mr. Sherwood's response was to his request that an appeal be filed on the basis of the delayed Gagnon I hearing, the Defendant responded, "He said he would, I guess." *Id.* at p. 10. The Court has weighed the Defendant's testimony at the evidentiary hearing against that of Mr. Sherwood and concludes that Mr. Sherwood's testimony is more believable. The Court finds the testimony of Mr. Sherwood credible and that of the Defendant incredible. Because the Court

4

determines that the Defendant did not ask counsel to file an appeal concerning the delayed Gagnon I hearing and told Mr. Sherwood that he did not want to proceed with an appeal on any other basis, counsel cannot be considered *per se* ineffective. The failure to file a direct appeal was justified. "While counsel cannot refuse to file a direct appeal because he believes there are no issues to appeal, he is not required to file an appeal that is not requested." *Markowitz*, 329 A.3d at 717.

The Defendant has not claimed ineffective assistance of counsel on the grounds that he was not advised of his appellate rights either generally or with specific regard to the Gagnon I argument. To the extent that a secondary inquiry persists of whether counsel rendered ineffective assistance by not addressing the Gagnon I issue with the Defendant and thereby failing to pursue an appeal on this basis, the Court finds that that the claim fails under a *Stickland/Pierce* analysis.[2] Pursuant to that analysis, the Defendant "must plead and prove: (1) that the underlying issue has arguable merit; (2) counsel's actions lack an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Burkett*, 5 A.3d 1260, 1272 (Pa. Super. Ct. 2010). For the reasons set forth by the Court in the December 22, 2016 Order and Notice, the Court finds that the Defendant has not met his burden. Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. Ct. 2003).

BY THE COURT,

Gary Gilman, Judge

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987) (adopting *Strickland* test).

5