**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARLYMIR LARKINS | |
| Appellant | No. 1652 EDA 2017 |

Appeal from the Judgment of Sentence Entered April 28, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0007172-2013

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 21, 2018**

Appellant Darlymir Larkins appeals from the April 28, 2017 judgment of sentence entered in the Court of Common Pleas of Montgomery County, following the revocation of his parole after a ***Gagnon I***[1] hearing.  Upon review, we vacate and remand for a ***Gagnon II*** hearing.

The facts and procedural history underlying this case are undisputed. On July 16, 2014, Appellant pleaded guilty to driving under the influence of alcohol ("DUI") (75 Pa.C.S.A. § 3802(a)(1)) and unauthorized use of an automobile (18 Pa.C.S.A. § 3928(a)).  For his DUI conviction, the trial court sentenced Appellant to time served to six months' imprisonment, and for his unauthorized use of an automobile conviction, he received a sentence of time served to twenty-three months' imprisonment.  Following sentencing,

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973)

Appellant immediately was paroled. Appellant eventually violated his parole. On October 9, 2015, following a **_Gagnon II_** hearing, Appellant was recommitted to serve seventeen months and 23 days in prison. After serving seven months, Appellant once again was paroled.

On January 24, 2017, Appellant received letters from the Adult Probation and Parole Department of Montgomery County ("Probation Department"), informing him that he was charged with the following seven parole violations:

1. Failed to abstain from the unlawful possession, use, and/or sale of narcotics or other dangerous drugs and drugs paraphernalia. To wit: On or about August 31, 2016, September 21, 2016 and October 21, 2016, you submitted a urine sample to the Philadelphia County Adult Probation and Parole Department[2] that tested positive for the presence of marijuana. (Violation of Rule #8)

2. The subject failed to report to the [Probation Department] as directed on or about October 3, 2016, and October 20, 2016. (Violation of Rule #1)

3. Absconded from supervision on or about October 20, 2016 (Violation of Rule #3)

4. Failed to obtain and/or maintain a legal and verifiable address as directed (Violation of Rule #3)

5. Failed to undergo a Probation and Parole Intervention (PPI) Evaluation as directed the [trial court]. (Violation of Special Condition)

6. Failed to enter, cooperate and participate in, and/or completed an evaluation, test and/or treatment as directed. To wit: The subject failed to complete a CRN Evaluation and Alcohol High Safety School. (Violation [of] Special Condition)

7. Failed to pay fines, costs and/or restitution as directed by [the trial court] (Violation of Rule #6). Docket #: (CP-46-

_____

2 At some point, Appellant's parole was transferred to Philadelphia.

Cr.0007172-2013); Balance Due: $2,444.38; Overdue Amount: $2,444.38

Violation Letters, 1/24/17. On April 28, 2017, the trial court held a ***Gagnon I*** hearing, at which both sides presented evidence. Following the hearing, the trial court found that Appellant had violated the conditions of his parole. As a result, it revoked his parole and, among other things, recommitted him to serve the remainder of his sentence, *i.e.*, ten months and twenty-four days, in prison. Appellant timely appealed.

Following Appellant's filing a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a detailed Pa.R.A.P. 1925(a) opinion. The trial court concluded that Appellant was not entitled to relief.

On appeal, in addition to challenging the sufficiency of the evidence underlying the revocation of his parole, Appellant directs our attention to the fact that the trial court did not follow the mandates of ***Gagnon*** by failing to hold a ***Gagnon II*** hearing. Moreover, Appellant points out in his brief that the trial court failed to apply the standards applicable to a ***Gagnon II*** hearing to the April 28, 2017 ***Gagnon I*** hearing, and, as a result, urges this Court to remand the matter to the trial court for a proper ***Gagnon II*** hearing. Appellant's Brief at 34.

As noted earlier, the trial court here did not hold a ***Gagnon II*** hearing, but instead held a ***Gagnon I*** hearing, which was contested, before revoking Appellant's parole and recommitting him to serve the remainder of his sentence.

It is settled, as determined by the United States Supreme Court, that due process requires parolees be afforded two separate hearings prior to revoking parole. *Gagnon*, 411 U.S. at 782.

> [A] parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision.

*Id.* at 781-82. The purpose of having two hearings, a *Gagnon I* and a *Gagnon II*, is to allow for a factual determination of whether a violation occurred and to give each side the opportunity to present evidence in support of its case. *Commonwealth v. Sims*, 770 A.2 346, 352 (Pa. Super. 2001) (citation omitted). Importantly, the purpose of a *Gagnon II* hearing is "to provide appellant additional due process safeguards," and, as a result, the Commonwealth is "required to meet a higher standard of proof at the *Gagnon II* hearing." *Id.* A parolee, however, may waive his *Gagnon II* hearing. "[F]or this Court to uphold such a waiver [of a constitutional right], the record must clearly demonstrate an informed relinquishment of a known right." *Commonwealth v. Houtz*, 856 A.2d 119, 122 (Pa. Super. 2004) (citations omitted).

We have determined that the combining of *Gagnon I* and *Gagnon II* hearings is not permitted. In *Commonwealth v. Homoki*, 605 A.2d 829, 831 (Pa. Super. 1992), we explained "that the case law clearly *requires two independent hearings*. Running them together or holding them on the same day does not meet the constitutional due process requirements set forth

- 4 -

in ***Gagnon***. . . .  We cannot accept that 'two parts' to 'one hearing' constitute two separate hearings."  ***Homoki***, 605 A.2d at 831 (emphasis added).

Here, our review of the record reveals—and trial court concedes—that the trial court failed to hold a ***Gagnon II*** hearing.  Instead, as noted, it held a ***Gagnon I*** hearing, following which it revoked Appellant's parole and recommitted him to prison.  Even if we viewed the April 28, 2017 ***Gagnon I*** hearing as a combined ***Gagnon I*** and ***Gagnon II*** hearing, it still would fall short of the requirements of ***Gagnon*** to hold two independent hearings.  ***See Homoki***, ***supra***.   Finally, the record is bereft of any indication that Appellant voluntarily waived his right to a ***Gagnon II*** hearing.  Because the trial court failed to follow the two-hearing requirements of ***Gagnon*** and otherwise failed to colloquy Appellant on the waiver of those rights, we are constrained to vacate the judgment of sentence and remand this matter to the trial court for a proper ***Gagnon II*** hearing.[3]

Judgment of sentence vacated.  Case remanded for further proceedings. Jurisdiction relinquished.

Judge Musmanno joins the memorandum.

Judge Ott concurs in the result.

---

[3] In light of our disposition here, we need not address the merits of this appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/18