J-S38026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARACELLY DELGADO | : | |
| | : | |
| Appellant | : | No. 376 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 31, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0004054-2019

BEFORE:   LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED DECEMBER 19, 2023**

Aracelly Delgado filed this appeal after the trial court denied her request to file a motion to modify her probation revocation sentence *nunc pro tunc*. Upon review, we allow Delgado to proceed *nunc pro tunc* but affirm the judgment of sentence.

The relevant facts and procedural history of this case follow.  On November 4, 2019, Delgado entered a negotiated guilty plea to two crimes, theft by deception-false impression and retail-theft-taking merchandise.[1]  The court imposed concurrent sentences of 12 months' probation.

On May 6, 2020, while serving her sentences of probation, Delgado was arrested for another retail theft.  As a result, on May 8, 2020, Delgado was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3922(a)(1) and 3929(a)(1).

charged with violating her probation; the warrant to arrest and detain her was served on July 31, 2020.

On August 31, 2020, Delgado waived her **Gagnon II**[2] hearing and admitted the allegation of theft. The violation of probation ("VOP") court revoked Delgado's probation and resentenced her to time served (2 days) to twelve months' incarceration, to which Delgado agreed. The VOP court did inform Delgado of her post-sentence or appellate rights.

On April 2, 2021, United States Immigration Customs Enforcement issued a warrant for arrest of alien which started deportation proceedings against Delgado. On November 16, 2022, Delgado filed a motion to modify her probation revocation sentence *nunc pro tunc*. In particular, she requested that the probation revocation sentencing order be amended to include the words "minus a day" after the twelve months so that Delgado would not be considered an "aggravated felon" for immigration purposes. After taking Delgado's motion under advisement, the court denied it.

Delgado filed this appeal. Delgado and the court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Delgado raises the following two issues.

1. Is this Court permitted to proceed on this matter, *nunc pro tunc*, and onto the second issue below challenging the validity of the revocation proceedings [on] August 31, 2020, where the [trial

---

[2] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1993).

court] failed to ensure that [Delgado] was informed, on and in the record, of her post sentence rights?

2. Were [Delgado's] rights under Pa. Rules of Criminal Procedure, Rule 708 violated where the [trial court] failed to provide clear notice of rights and waiver thereto, combined the violation portion of the probation violation hearing into the **Gagnon II**, as a waiver, and [and failed to] ensure that [Delgado] was informed, on and in the record, of her post sentence rights?

Delgado's Brief at 3-4.

Preliminarily, as raised in Delgado's first issue, we must consider whether we have jurisdiction to hear Delgado's appeal.[3] "We lack jurisdiction to consider untimely appeals . . . . *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citation omitted). Generally, a defendant must file an appeal within 30 days of imposition of sentence in open court. Pa.R.A.P. 903. Regarding post-sentence motions, we have explained:

Rule 720 of the Pennsylvania Rules of Criminal Procedure in general governs the timing of post-sentence motion procedures and appeals. *See* Pa.R.Crim.P. 720. The disposition of a motion to modify a sentence imposed after a revocation hearing, however, is governed by Rule 708 (Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition). *See* Pa.R.Crim.P. 720 Comment. Rule 708(E) states: "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30–day appeal period." Pa.R.Crim.P. 708(E) (emphasis added). Rule 708 makes clear Rule 720 does not apply to revocation cases. *Id.* Comment. *See also Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa. Super. 2003) (internal citation omitted) (stating: "An appellant whose

_____

[3] Although Delgado's appeal follows the denial of her motion to modify her sentence *nunc pro tunc*, and initially characterizes it as appeal therefrom, she actually seeks to appeal the judgment of sentence imposed following revocation of her probation and resentencing in 2020. We have modified the caption accordingly.

revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is [imposed], regardless of whether ... she files a post-sentence motion. Therefore, if an appellant chooses to file a motion to modify her revocation sentence, she does not receive an additional 30 days to file an appeal from the date her motion is denied").

*Commonwealth v. Burks*, 102 A.3d 497, 499 (Pa. Super. 2014) (some case citations omitted).

Furthermore, a trial court is divested of jurisdiction to modify its sentence after 30 days. *See* 42 Pa.C.S.A. § 5505; *Commonwealth v. Bogden*, 528 A.2d 168, 169 (Pa. Super. 1987), *appeal denied,* 552 A.2d 249 (1988) (stating that "a sentencing court has only thirty days from the imposition of sentence within which to act to modify the sentence."). "Orders granting or denying [a] petition to appeal *nunc pro tunc* are reversible [only] in instances where the court abused its discretion or where the court drew an erroneous legal conclusion." *Commonwealth v. Yohe*, 641 A.2d 1210, 1211 (Pa. Super. 1994).

Here, the court revoked Delgado's probation and resentenced her on August 31, 2020. Because this matter involved resentencing after revocation of probation, Delgado's appeal was due by September 30, 2020, regardless of whether she filed a post-sentence motion within 10 days, or *nunc pro tunc*. However, no appeal was filed until February 2, 2023, following the trial court's

denial of Delgado's motion to modify her sentence *nunc pro tunc*. Thus, Delgado's appeal from her judgment of sentence is facially untimely.[4]

Delgado argues however, that she was not advised of her post-sentence motion or appeal rights following her revocation-of-probation sentence, and there is no indication in the record that she signed a notice of her post-sentence rights. Delgado claims this was a breakdown in the court system. Consequently, Delgado maintains that we should proceed with her appeal. Delgado's Brief at 9-11.

Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. ***Commonwealth v. Valentine***, 928 A.2d 346 (Pa. Super. 2007). "Generally, an appellate court cannot extend the time for filing an appeal." ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) (citations omitted). However, this Court has declined to quash otherwise untimely appeals in circumstances where extraordinary circumstances exist such as where "the failure to file a timely appeal [resulted

_____

[4] We observe that Delgado's motion seeking permission to file a post-sentence motion *nunc pro tunc* was not filed until November 16, 2022, more than two years after she was resentenced. As such, it was filed well beyond the 30-day time period in which the court may consider a *nunc pro tunc* motion. A trial court has no authority to grant permission to file a post-sentence motion *nunc pro tunc* more than 30 days after imposition of sentence. ***Commonwealth v. Hicks***, 297 A.3d 738 (Pa. Super. 2023); ***Commonwealth v. Hicks***, 325 WDA 2019 (September 13, 2019) (unpublished memorandum) (citing ***Patterson***, 940 A.2d at 498 n.3). Because Delgado's motion was untimely, the trial court did not abuse its discretion or err when it denied the motion.

from] a breakdown in the court system." ***Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa. Super. 2019) (citation omitted). We have found a breakdown in the court system where the trial court is required to advise a defendant of their appeal rights but fails to do so or misadvises. ***Patterson***, 940 A.2d at 499-500 (declining to quash facially untimely appeal from judgment of sentence when the trial court failed to advise the appellant of his appeal rights in its order denying appellant's post-sentence motion); ***Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa. Super. 2003) (declining to quash facially untimely appeal from judgment of sentence following a probation revocation when the trial court misadvised the appellant of the time limits for filing an appeal pursuant to Pa.R.Crim.P. 708). The pertinent question for our consideration is whether an appellant is denied their post-sentence rights "by extraordinary circumstances not of [their own] doing[.]" ***See Commonwealth v. White***, 806 A.2d 45, 46 (Pa. Super. 2002).

Here, the VOP court did not advise Delgado of her post-sentence or appellate rights at the time of her probation revocation and resentencing. Although we acknowledge that her VOP proceeding occurred during the COVID-19 pandemic and there was no hearing, we note that Delgado was not even provided with a written notice of her rights. The sentencing procedures under Rule 708 require the judge to advise the defendant on the record of certain post-sentencing rights including:

> (a) of the right to file a motion to modify sentence and to appeal, of the time within which the defendant must exercise those rights,

and of the right to assistance of counsel in the preparation of the motion and appeal;

Pa.R.Crim.P. 708. This did not occur here, and as such, a break down in the court system occurred. Thus, we decline to quash this appeal, and we will address the merits of Delgado's appeal.[5] *Patterson*, *supra*.

In her second issue, Delgado challenges the validity of her probation revocation proceedings. The law requires that violation of probation hearings be conducted in a manner that ensures that due process requirements are met. Our courts have held defendants are entitled to two hearings prior to the revocation of their probation. *Gagnon*, *supra*.

First, defendants are entitled to a hearing to inform them of the alleged probation violations and to discern whether the probation violation is supported by probable cause; this hearing is referred to as a *Gagnon I* hearing. *Commonwealth v. Foster*, 214 A.3d 1240, 1244 n.3 (Pa. 2019) ("*Foster II*") (citing *Gagnon*, 411 U.S. at 782); *Commonwealth v.*

---

[5] Additionally, we note that "any petition filed after the judgment of sentence becomes final will be treated as a [Post Conviction Relief Act ("PCRA")] petition." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007). Because Delgado's motion was filed after her judgment of sentence became final, it should have been treated as a PCRA. However, to be eligible for PCRA relief a petitioner must be serving a sentence for the crime at the time relief is granted. 42 Pa.C.S.A. § 9543(a)(1)(i). Here, Delgado had already served her sentence. Therefore, a decision to quash this appeal would deprive Delgado of her right to a direct appeal where the VOP court did not advise Delgado of her rights. As such, we will not dismiss the appeal and require her to file a PCRA petition. Instead, in the interest of justice, we will decide the issues she has raised.

*Homoki*, 605 A.2d 829, 493 (Pa. Super. 1992). However, a *Gagnon I* hearing is not required in every case. *See Commonwealth v. Davis*, 336 A.2d 616, 622-23 (Pa. Super. 1975). Notably, one is not required where a defendant is convicted of a new criminal offense in the Magisterial District Court, because "the purpose of [the *Gagnon I*] hearing will have been served by the Municipal Court trial." *Id.* at 623.

If probable cause exists to support revocation of probation, a second, more comprehensive hearing, a *Gagnon II* hearing, is required to determine whether the defendant violated probation and, if so, whether probation should be revoked. *Foster II*, 214 A.3d at 1244 n.3 (citing *Gagnon*, 411 U.S. at 782). However, a defendant can waive the *Gagnon II* hearing. *Commonwealth v. Heilman*, 876 A.2d 1021, 1027 (Pa. Super. 2005). To do so, the record must clearly demonstrate an informed relinquishment of a known right. *Id.*

Delgado argues that she was not afforded a *Gagnon I* hearing to advise her of the alleged violation of her probation. Delgado maintains that this hearing was improperly combined with the *Gagnon II* proceeding. Delgado's Brief at 14-15. However, as noted above, when the probation violation involves the commission of a new crime, a *Gagnon I* hearing is not mandated because the legal proceedings for the new crime give the defendant notice of the circumstances underlying the violation and establish that the probation violation is supported by probable cause. *Davis*, 336 A.2d at 622. Here, Delgado pled guilty on June 19, 2020, to the new crime. Thus, a *Gagnon I*

hearing was not required, and no relief is due on Delgado's *Gagnon I* challenge.

Additionally, Delgado contends that her *Gagnon II* proceeding was improper. Specifically, she claims that the written waiver of the *Gagnon II* hearing did not contain her signature and therefore was incomplete. She further argues that this waiver was signed after the *Gagnon II* disposition. *Id.* at 13. According to Delgado, the record fails to demonstrate that she voluntarily gave up her right to a *Gagnon II* hearing, and therefore, her sentence should be vacated, and the matter remanded. *Id.* at 16.

Based upon our review of the record, we conclude that Delgado waived her *Gagnon II* hearing. The *Gagnon II* waiver in this case was a two-page document, not separate, unrelated pages, as Delgado claims. The first page of the waiver set forth the type of violation and indicated that Delgado admitted to the violation. It clearly set forth the rights to which Delgado was entitled, including a *Gagnon II* hearing. It also reflected that she consulted her attorney, and that she was knowingly, voluntarily, and intelligently giving up those rights and her *Gagnon II* hearing. The second page of the waiver set forth the proposed sentence for the VOP, to which Delgado also agreed, and confirmed that Delgado's waiver was knowingly, voluntarily, and intelligently made. Delgado, her counsel, the district attorney, and the probation officer all signed this document. The VOP court then issued its order. Thus, Delgado's challenges to the validity of her probation revocation

proceedings merit no relief; Delgado is not entitled to a new probation of revocation hearing.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2023