J-S33014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN BATISTA SORIANO, JR. | : | |
| | : | |
| Appellant | : | No. 1511 MDA 2018 |

Appeal from the Judgment of Sentence Entered December 15, 2016
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000080-2014

BEFORE: LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 10, 2019**

Juan Batista Soriano, Jr., appeals, *nunc pro tunc*, from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, following the revocation of his probation. Counsel has filed an ***Anders*/*McClendon***[1] brief and a petition to withdraw. For the reasons that follow, we affirm Soriano's judgment of sentence and grant counsel's petition to withdraw.

On November 6, 2014, Soriano entered a guilty plea to charges of burglary,[2] conspiracy[3] and possession of instruments of crime ("PIC").[4] The court sentenced him 6 to 23 months' imprisonment for burglary, with work

---

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

[2] 18 Pa.C.S.A. § 3502(a)(2).

[3] 18 Pa.C.S.A. § 903.

[4] 18 Pa.C.S.A. § 907(a).

release eligibility, followed by an aggregate probationary term of three years on the remaining charges. Soriano filed neither post-sentence motions nor a direct appeal.

On December 15, 2016, Soriano was brought before the trial court for a revocation hearing after he directly and indirectly violated the terms of his probation.[5] The court resentenced him to two to four years' incarceration for conspiracy and a consecutive term of one to two years' incarceration for PIC. Soriano filed a post-sentence motion seeking credit for time served, which the court granted. Soriano did not file a direct appeal, but on June 8, 2017, filed a petition under the Post Conviction Relief Act ("PCRA").[6] Present counsel was appointed and filed an amended petition seeking reinstatement of Soriano's post-sentence and direct appellate rights. Relief was granted by order dated July 11, 2018. Soriano filed post-sentence motions, *nunc pro tunc*, which were denied. On August 9, 2018, Soriano filed a timely notice of appeal, *nunc pro tunc*, followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Soriano challenges the discretionary aspects of his revocation sentence.

_____

[5] Specifically, the court found that Soriano had: been charged with driving under the influence in Dauphin County; pled guilty to felony drug and firearm possession charges in New York state; failed to report to his probation officer as required; traveled more than 50 miles outside Dauphin County without prior approval from his probation officer; and failed to pay his fines, costs or restitution. Soriano does not dispute the underlying factual basis for his revocation.

[6] 42 Pa.C.S.A. §§ 9541-9546.

Before addressing Soriano' appellate claim, we must resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc). An attorney seeking to withdraw on appeal must comply with certain procedural and briefing requirements. Counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). In addition, our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), stated that an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel also must provide the appellant with a copy of the **Anders** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the [C]ourt's attention in addition to the points raised by counsel in the **Anders** brief."

*Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Here, counsel has filed a petition to withdraw as counsel and an *Anders* brief. In her amended petition, counsel states that, after a conscientious examination of the record, she has determined that the appeal is wholly frivolous. Amended Petition to Withdraw, 8/6/19, at ¶ 17. Additionally, counsel states in her amended petition that she mailed a copy of the *Anders* brief to Soriano, and advised him of his right to retain counsel or proceed *pro se* to represent his interest in his appeal or to raise any additional issues for appellate review. *Id.* at ¶ 22. Counsel also attached to her amended petition a letter to Soriano advising him of his right to retain new counsel or proceed *pro se* in his appeal and/or raise any additional issues he believed the Court should consider.[7] *See* Letter from Amanda A. Batz, Esquire, to Soriano, 8/6/19, at 2. Finally, counsel's brief sets out one issue of arguable merit and, pursuant to the dictates of *Santiago*, explains why counsel believes the appeal to be frivolous. Accordingly, counsel has substantially complied with the requirements of *Anders* and *Santiago*. We now turn to our independent review of the record and the claim raised by Soriano.

Soriano asserts that the trial court failed to consider the mitigating evidence he presented at his revocation hearing and sentenced him to an

---

[7] Soriano has not filed a response to counsel's *Anders* brief.

unreasonable term of incarceration. *Anders* Brief, at 12. Specifically, Soriano claims that he demonstrated remorse for his actions, noted that he had a daughter and fiancée in New York, and had made "some attempts" to make payments towards his costs, fines and restitution. *Id.* at 13. Soriano is entitled to no relief.

Soriano's sole appellate claim implicates the discretionary aspects of his sentence. Such a challenge is not appealable as of right. Rather, an appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa. Super. 2014).

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* at 1042-43, quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.").

Here, Soriano preserved his claim in a motion for reconsideration of sentence and filed a timely notice of appeal *nunc pro tunc*. Although counsel

has not included the requisite Pa.R.A.P. 2119(f) statement in her *Anders* brief, "[w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that the defendant has been convicted of another crime, his conduct indicates it is likely he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the authority of the court. 42 Pa.C.S.A. § 9771(c). Section 9721, which governs sentencing generally, provides that in all cases where the court "resentences an offender following revocation of probation . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Failure to comply with these provisions "shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Id.* Additionally, the reasons stated for a sentence imposed should reflect the sentencing court's consideration of the criteria of the Sentencing Code, the circumstances of the offense, and the character of the offender. *Commonwealth v. DeLuca*, 418 A.2d 669, 670 (Pa. Super. 1980). Finally,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

Upon review of the sentencing transcript and the record in this matter, we conclude that the sentencing court did not abuse its discretion in sentencing Soriano to an aggregate term of three to six years' incarceration upon revocation of his probation. As Soriano had been convicted of another crime, a term of total incarceration was authorized under section 9771(c). The court heard and considered defense counsel's arguments, as well as Soriano's own statement of contrition. Nevertheless, the court concluded that Soriano's "failure to refrain from committing additional serious crimes render[s] him a danger to society and evidence[s] a need for rehabilitation." Trial Court Opinion, 10/3/18, at 4. At resentencing, the court appropriately detailed on the record its reasons for sentencing Soriano as it did, stating as follows:

> THE COURT : Well, I don't hear a lot of good things here. And it's very clear to me that you were before us—you were before Judge Dowling in November of 2014 and you were convicted of a burglary and criminal conspiracy and possession of instruments of crime.
>
> And then in January of 2016 you pleaded guilty before me for DUI. And I direct that 5141 be closed.

> But not only did you violate technically several provisions—and I'm going to repeat them for the record so that someone's not confused about why you are being revoked—you committed DUI, you did not refrain from overt behavior the DUI and new arrest to which you've already pleaded guilty which are felony drug and firearms charges, you haven't paid your fines, costs, and restitution. You owe almost $5,000 on that. You didn't have approval to be in New York. And you were found in possession of a loaded firearm.
>
> All those matters tell me that you need serious rehabilitation and that the society is in great danger with you.

N.T. Resentencing, 12/15/16, at 5-6.

In short, Soriano's dissatisfaction with his sentence does not equate to a viable excessiveness claim. The trial court acted within its discretion in sentencing Soriano, and he is entitled to no relief. ***Antidormi***, ***supra***.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2019