418 A.2d 669

**COMMONWEALTH of Pennsylvania**

v.

**Leonard John DeLUCA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1979.

Filed Feb. 15, 1980.

---

178

Paul C. Vangrossi, Norristown, for appellant.

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

PRICE, Judge:

On March 17, 1977, appellant pleaded guilty to several charges which included burglary,[1] theft,[2] receiving stolen property,[3] and conspiracy,[4] and was sentenced to a term of imprisonment of from three to six years. That sentence was immediately suspended and he was placed on probation for five years. On August 13, 1978, appellant was arrested for another burglary and a *Gagnon II* hearing was held on September 11, 1978. At that hearing, probation was revoked and the original three to six year prison sentence reimposed. Appellant now contends that: (1) procedural deficiencies in the revocation procedure denied him his due

1.  18 Pa.C.S. § 3502.

2.  18 Pa.C.S. § 3921.

3.  18 Pa.C.S. § 3925.

4.  18 Pa.C.S. § 903.

process rights; and (2) the hearing court abused its discretion in imposing sentence. As we agree with part of appellant's argument, we must reverse and remand for further proceedings.

Addressing initially appellant's second argument, it is quite clear that following our supreme court's resolution of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) and *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977), a trial judge is required to state on the record his reasons for the particular sentence imposed. This mandate applies with equal force to sentencing following the revocation of probation. *See Commonwealth v. Cottle*, 260 Pa.Super. 85, 393 A.2d 1024 (1978). These articulated reasons should reflect the judge's consideration not only of those sentencing criteria enumerated in the Sentencing Code, 18 Pa.C.S. § 1301 *et seq.*, but also of the circumstances of the offense and the character of the offender. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). This court has, however, never required a trial judge to list those criteria of the sentencing code seriatim and detail his response to each. *Commonwealth v. Doyle*, 275 Pa.Super. 373, 418 A.2d 1336 (1979) (Price, J., concurring); *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979). We insist only that the record indicate the trial judge's cognizance and consideration of these factors at the time of sentencing.

On the record before us, we conclude that the trial judge adhered to the mandate. After receiving a summary of appellant's history in the probation program, his recent violations, and his explanation for those violations, the court noted as follows:

"The Court gave you a break last March, in March of '77, and the Court placed confidence in you by sending you to the Today Program and putting you on probation which was abused by you and even though you say that it was done under the influence of narcotics, the Court has to protect the public, otherwise, every junky will come in and say I had an overdose, I was under the influence of narcotics or something else, we just can't have people

ravaging our society. We are in the midst of a crime wave right now and the only thing we can do with people in your condition is to incarcerate them so they can't ravage our society any further." (N.T. 31–32).

In light of the fact that Judge Cirillo was familiar with appellant from the initial sentencing and pre–sentence report, this indicates a sufficient consideration of the pertinent sentencing factors. We do not, then, believe the sentencing procedure erroneous in this respect.

Appellant argues, however, that even conceding compliance with *Riggins* and *Kostka*, the sentence imposed was patently too severe. While it is true that this court and our supreme court have the power and responsibility to vacate a sentence determined to be so manifestly excessive as to constitute too severe a punishment, *Commonwealth v. Martin, supra,* it is insufficient to simply assert an unduly harsh sentence, the record must show it. *See Commonwealth v. Shoemaker,* 226 Pa.Super. 203, 313 A.2d 342 (1973). We must constantly recall that when it becomes apparent that the probationary order is not serving the desired end, the court's discretion in imposing a more appropriate order should not be fettered, *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973), and we should not be hasty in constraining the discretion of the trial judge. Instantly, that discretion was exercised in a manner well within the bounds of both reason and legislative limitations.

At the hearing, the court received testimony of appellant's prior crimes, of the prior five year term of probation imposed upon him, and of his assignment to the Today Program. A requirement of his probation was that he refrain from all drug usage. On August 13, 1978, he was arrested for a burglary and confessed to breaking into a building and taking several tools and CB radios. He also admitted to his probation officer that he had used heroin the evening before the burglary, and that the burglary itself was the result of his being nervous. At the hearing, however, appellant testified that he did not remember either committing the burglary, or engaging in any other activities during the evening in

question, because he was groggy from medication prescribed following his release from the Today Program.

In these circumstances, we do not believe the sentence unjustified. A court may impose a sentence of total confinement after a revocation of probation if "the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned . . . ." (18 Pa. C.S. § 1371(c)). The court believed that this was probable given the circumstances of the case. In view of the numerous burglary and theft charges to which appellant initially pleaded guilty, it cannot be said that the sentence was unduly harsh, and as it does not exceed any legislative limitation, we do not find it repugnant.

■ With respect to the alleged procedural errors, appellant first argues that the record does not indicate that he was afforded a *Gagnon I* hearing. The purpose of that hearing, as detailed in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), is to determine whether there is probable cause to believe a parole violation has been committed. In the event that a finding of probable cause is made, a second, more comprehensive (*Gagnon II*) hearing is required to render a final revocation decision.

We agree with appellant that there is no record indication of a *Gagnon I* hearing or his waiver thereof.[5] We note, however, that at the time of the *Gagnon II* hearing, this alleged lack of a *Gagnon I* hearing was not brought to the attention of the court. Confronted with an identical situation in *Commonwealth v. Perry,* 254 Pa.Super. 48, 385 A.2d 518 (1978), we held such a contention waived:

"In considering this argument, one should first note that appellant does not allege that he *never had* a preliminary hearing, but only that the record *contains nothing to show* that he had. It seems very likely that in fact appellant did have a preliminary hearing, for it appears that he was brought to the *Gagnon II* hearing from the place where he was being detained on the criminal

**5.** In his opinion, Judge Cirillo indicated that appellant had waived his right to a *Gagnon I* hearing. (Opinion at 2).

charges. Even if we look at the record as strictly as appellant argues we must, however, appellant's argument fails. The reason the record contains nothing to show that appellant had a preliminary hearing is that appellant did not suggest to the lower court that he had not had one, nor did he argue to the lower court that because he had not had a preliminary hearing, the lower court could not revoke his parole and probation. In these circumstances appellant is in no position to argue to us as he does." *Id.*, 254 Pa.Super. at 51–52, 385 A.2d at 519 (emphasis in original).

We must reach the same result here.

■ Appellant's next procedural argument is there is no indication of record that he was afforded notice of the alleged probation violation. The Commonwealth concedes this point, although it contends that this is merely a deficiency in the record and that notice was indeed provided. (Brief for Appellee at 5–6). Faced with such a situation, we must remand for an evidentiary hearing to determine whether appellant actually received the requisite written notice.

We recently resolved this same question in an identical manner in *Commonwealth v. Ruff*, 272 Pa.Super. 50, 414 A.2d 663 (1979). In discussing appellant's claim that the record provided no indication that notice of the violation had been received, we observed that the requisite due process safeguards in the *Gagnon II* hearing include:

> " ' "(a) *written notice of the claimed violations of* [probation or] *parole* ; (d) disclosure to [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross–examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for

revoking [probation or] parole." ' *Gagnon v. Scarpelli, supra,* [411 U.S.] at 786, [93 S.Ct. at 1761,] *quoting Morrissey v. Brewer,* 408 U.S. 471, 489, [92 S.Ct. 2593, 2604, 33 L.Ed.2d 484] (1972) (emphasis added)." *Id.,* 272 Pa.Super. at 57, 414 A.2d at 667.

This court has repeatedly emphasized that the Commonwealth must strictly comply with the requirement that notice of the alleged violations be in writing. *See, e. g., Commonwealth v. Martin,* 241 Pa.Super. 222, 360 A.2d 733 (1976); *Commonwealth v. Davis,* 234 Pa.Super. 31, 336 A.2d 616 (1975). In *Commonwealth v. Spence,* 252 Pa.Super. 341, 381 A.2d 949 (1977), the defendant's probation was revoked as a consequence of his conviction for assault and retail theft. Although not raised at the *Gagnon II* hearing, the defendant contended on appeal that he failed to receive written notice of the alleged violations prior to the revocation hearing. The Commonwealth in its brief submitted copies of three notices purporting to demonstrate that the requirement was satisfied. This court declined to consider such 'evidence' dehors the record, and remanded the case for the sole purpose of determining whether notice had indeed been given. By way of a caveat, we stated that, "[t]he remand for a limited hearing only applies where the Commonwealth contends that written notice was provided and *where the record indicates that the defendant did not raise the issue of lack of notice before the lower court."* *Commonwealth v. Spence, supra,* 252 Pa.Super. at 346, 381 A.2d at 951 (emphasis in original).

The same considerations apply here. Consequently, if the court upon remand finds that proper notice was, in fact, received, the applicable order and sentence shall be reinstated. In that event, the reinstated judgment of sentence shall be appealable limited to the issues resolved by the common pleas court concerning said notice. If the court should find that notice was not received, then a probation revocation hearing shall be held, preceded by written notice being provided to appellant. *See Commonwealth v. Stratton, supra; Commonwealth v. Henderson,* 234 Pa.Super. 498, 340

A.2d 483 (1975); *Commonwealth v. Alexander*, 232 Pa.Super. 57, 331 A.2d 836 (1974).

The judgment of sentence is reversed and the case remanded for further proceedings consistent with this opinion.

SPAETH, J., concurs in the result.