J-S74008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL DANIELS | |
| Appellant | No. 181 EDA 2016 |

Appeal from the Judgment of Sentence December 3, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014824-2009

BEFORE: OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:  **FILED OCTOBER 12, 2016**

Appellant Michael Daniels appeals from the judgment of sentence of two and one-half years to five years' incarceration imposed by the trial court on December 3, 2015, after it found him to be in direct violation of his probation. In addition, counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

---

[*] Former Justice specially assigned to the Superior Court.

Appellant originally pled guilty on August 31, 2011, in four separate dockets to theft by extortion and impersonating a public servant. The charges arose from Appellant's impersonation of a Philadelphia police detective on three separate occasions at which time he met with various men who had placed personal advertisements on craigslist.com for sexual encounters with other men. Appellant told them they could avoid arrest for their alleged criminal conduct by paying him money. Appellant again falsely presented himself as a police detective to a woman employed by the First Judicial District Warrant Unit in Philadelphia with whom he had begun a relationship in an effort to obtain confidential information.

The trial court initially sentenced Appellant to a negotiated term of two and one half years to five years in prison. Following Appellant's filing of a post-sentence motion to reconsider the sentence, on February 2, 2012, the trial court resentenced him to a new, negotiated sentence of an aggregate term of six months to thirty-six months in prison to be followed by ten years of probation with credit for time served. N.T. Resentencing, 2/6/12, at 5, 7. On April 29, 2013, Appellant was paroled. N.T. Sentencing, 12/3/15, at 6.

Appellant appeared before the trial court several times before April 9, 2015, at which time he was arrested and charged with indecent exposure. He pled guilty to that charge on August 31, 2015, and was sentenced to two years' probation. *Id*. at 6-8. On December 3, 2015, the trial court conducted a violation of probation hearing at which time the trial court found

Appellant to be in direct violation of the terms of his probation and revoked the same. *Id*. at 8, 19. The Commonwealth stressed that Appellant's conviction for indecent exposure arose from his actions in a school zone and expressed its concern given that Appellant frequently interacted with minors as an employee of Philadelphia's Department of Parks and Recreation. *Id*. at 15, 18. Appellant also exercised his right to allocution, and counsel presented argument on his behalf. *Id*. at 11-18. Thereafter, the trial court sentenced Appellant to two and one half years to five years in prison on the theft by extortion charge with no further penalty on the impersonating a public servant charge at docket CP-51-CR-0014824-2009 or on the remaining charges. Appellant also received credit for time served. *Id*. at 20.

On December 22, 2015, Appellant filed a *pro se* correspondence wherein he sought the modification of his sentence due to the trial court's alleged failure to properly credit him for time served, and he also filed a *pro se* notice of appeal on January 7, 2016. Appellant's trial counsel filed a motion to withdraw, and the trial court granted the motion on January 14, 2016, at which time it also indicated new counsel shall be appointed for the purpose of Appellant's appeal. On January 21, 2016, current counsel entered her appearance on Appellant's behalf. The trial court directed Appellant to file and serve a Pa.R.A.P.1925(b) concise statement of errors complained of on appeal. In lieu thereof, Appellant's counsel filed a

statement of his intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).

On April 18, 2016, current counsel filed a petition to withdraw and an accompanying **Anders** brief with this Court contending that there are no non-frivolous issues to be reviewed. In the **Anders** brief, counsel states the question presented as follows: "Are there are no non-frivolous issues preserved for appeal." **Anders** brief at 3; notwithstanding, in the argument portion of the brief, counsel essentially raises a discretionary aspects of sentencing issue in asserting that upon finding Appellant to be in direct violation of his probation, "the trial court was then only limited by the maximum sentence that it could have imposed at the time of the original sentencing hearing in 2011." **Anders** brief at 8.

As we do not address the merits of issues raised on appeal without first reviewing a request to withdraw, we review counsel's petition to withdraw at the outset. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*). The procedural requirements for withdrawal require counsel to: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se,* additional arguments that the defendant deems worthy of the court's attention. **Id.**

Counsel's petition to withdraw indicates that she made a careful review of the record and concluded that there are no non-frivolous issues. Counsel notified Appellant that she was seeking to withdraw and furnished him with copies of both the petition to withdraw and the ***Anders*** brief. Additionally, counsel informed Appellant of his right to retain new counsel or proceed *pro se* to raise any issues he believes this Court should consider. [1] Thus, counsel has satisfied the procedural requirements of ***Anders.***

In light of counsel's having complied with the procedural dictates of ***Anders***, we next consider whether counsel's ***Anders*** brief meets the substantive requirements of ***Santiago***. Under ***Santiago***, an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

---

[1] On July 14, 2016, Appellant filed a *pro se* response to the petition to withdraw as counsel wherein he reiterated his belief that he did not properly receive credit for time served and asked this Court to deny counsel's petition due to his inability to obtain legal access as a result of his indigence which will prejudice him.

Counsel provided a short procedural and factual history of this case, explained her reasons for determining that Appellant's appeal is frivolous, and provided statutory authority to support her finding there are no non-frivolous issues; therefore, counsel has minimally complied with the requirements of **Anders/Santiago**. Accordingly, we proceed to a consideration of the issue of arguable merit counsel presents in her **Anders** brief concerning the discretionary aspects of Appellant's sentence and of Appellant's additional claim he did not receive credit for time he spent incarcerated to make an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 184 (Pa.Super. 2016). In doing so, we first note that:

> [a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right. **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super. 2011). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f);[5] and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006).

**Id**. Herein, as in **Bynum-Hamilton**, Appellant's **Anders** brief fails to include a Pa.R.A.P. 2119(f) statement. However, we note as we did therein, that:

[a]lthough counsel has not included the requisite Pa.R.A.P. 2119(f) statement in his **Anders** brief herein, "[w]here counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa.Super. 2015) (citations omitted). In addition, a determination of what constitutes a substantial question must be evaluated on a case-by-case basis and such question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa.Super. 2011).

Upon revoking one's probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that the defendant has been convicted of another crime, his conduct indicates it is likely he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority of the court. 42 Pa.C.S.A. § 9771(c). Section 9721, which governs sentencing generally, provides that in all cases where the court "resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **Id**. Failure to comply with these provisions "shall be grounds for vacating the sentence or resentence and resentencing the defendant." **Id**. Additionally, this Court has noted that the reasons stated for a sentence imposed should reflect the sentencing court's consideration of the criteria of the Sentencing Code, 42 Pa.C.S.A. § 9701 et seq., the circumstances of the offense, and the character of the offender. **Commonwealth v. DeLuca**, 275 Pa.Super. 176, 418 A.2d 669, 670 (1980).

----

[5]In pertinent part, this Rule requires an appellant challenging the discretionary aspects of his sentence to set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence;

such statement shall immediately precede the argument on the merits. Pa.R.A.P. 2119(f).

*Id.*, at 184–85.

In the within matter, Appellant was sentenced on December 3, 2015, and he did not object to his sentence at the revocation hearing. At the conclusion of the hearing, Appellant was advised that he had "ten days to ask the Judge to reconsider the sentence …." N.T. Sentencing, 12/3/15, at 22. Nineteen days later, on December 22, 2015, Appellant filed a *pro se* post-sentence motion wherein he alleged he had not been credited properly for time served. However, at this time Appellant was still represented by counsel. As such, his *pro se* filing is a legal nullity, as it is well-settled that no defendant has a right to hybrid representation. *Commonwealth v. Padilla*, 62 Pa. 449, 485, 80 A.3d 1238, 1259 (2013); Pa.R.Crim.P. 120(a)(4) (stating "[a]n attorney who has been retained or appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court…").

Moreover, even had Appellant properly challenged the discretionary aspects of his sentence in a timely post-sentence motion, this claim would fail. The sentencing court imposed the sentence Appellant originally negotiated and received, one well within the statutory maximum, and stated its reasons for imposing its sentence as follows:

> As conditions of my sentence, [Appellant] is to get vocational training and seek and maintain employment.

With this sentence, this [Appellant] will never have to come back in front of me again. I have the same concerns of the Commonwealth, that [Appellant] -– his first four cases involved him responding to craigslist advertisement. Men seeking sex with other men and him showing up at the man's house in a uniform and demanding money, in order to be quiet about the ad.

He did that on four occasions, that's why there are four cases.

And there was significant restitution related to, at least two of them. I remember -- restitution was $1,500 in one case, $3,000 in another case, $1,200 in another case.

Those three cases--$5,700 in restitution alone and then the fines and costs that goes with that.

So this is the original sentence that was negotiated back in 2011 for these cases and I think it's appropriate.

N.T. Sentencing, 12/3/15, at 21-22. As such, we would find the trial court did not abuse its discretion in imposing its sentence.

To the extent Appellant challenges the legality of his sentence for the trial court's alleged failure to credit him for time served,[2] we note that the trial court specifically credited him for time he spent incarcerated due to a DUI arrest in 2014 and for an arrest concerning his violation of a protection from abuse order in February of 2015. N.T. Sentencing, 12/3/15, at 20. In total, Appellant received credit for three hundred sixty-six days, and the trial court enumerated the dates thereof in its sentencing order as follows: "10-16-14 to 1-21-15, 2-12-15 to 3-12-15, 4-24-15 to 12-3-15." **See** Order Violation of Probation, filed 12/3/15; N.T. Sentencing, 12/3/15, at 20.

_____

[2] **See Commonwealth v. Tobin**, 89 A.3d 663, 669 (Pa.Super. 2014) (recognizing a claim based upon the failure to give credit for time served is a nonwaivable challenge to the legality of sentence).

Consequently, after an independent review of this appeal, we find Appellant's issue to be frivolous, and we grant counsel's petition to withdraw.

Petition to Withdraw Granted. Judgment of Sentence Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016