J-A27017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                        :         PENNSYLVANIA
                        :
          v.                 :
                        :
                        :
DANIEL NEIL WEINER           :
                        :
        Appellant       :   No. 441 EDA 2019

Appeal from the Judgment of Sentence Entered January 10, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009257-2015

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:           **FILED JANUARY 07, 2020**

Appellant, Daniel Neil Weiner, appeals from the judgment of sentence entered on January 10, 2019, in the Philadelphia County Court of Common Pleas, following the revocation of his probation. After review, we vacate Appellant's judgment of sentence, reverse the order revoking Appellant's probation, and remand for further proceedings consistent with this Memorandum.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> On March 31, 2016, Appellant entered into a negotiated guilty plea for retail theft as a felony of the third degree and [was] sentenced to 3 to 23 months of incarceration with immediate parole at the minimum, and a concurrent 3 years of reporting probation (March 31, 2016 N.T., p. 24). After receiving this

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentence, Appellant was incarcerated at SCI Laurel Highlands and thereafter released on July 22, 2016 (July 18, 2018 N.T., p. 6). Subsequently, the Appellant incurred yet another new arrest for an additional theft charge on October 28, 2017 (January 2019 N.T., p. 12). Unrelated to the October 28, 2017 arrest, a probation warrant for the Appellant was issued on December 7, 2017, and a violation of probation hearing was scheduled for January 18, 2018.

At said hearing, [Appellant] claimed that he "didn't understand that he was required to report to probation" (January 18, 2018 N.T., p. 7). Further, Appellant went on to testify as follows:

> When I came home in the past, any time that I had to be supervised ... in the past, I was under Bucks County supervision ... Montgomery County did the supervision for Bucks. I was under the impression that Montgomery County would be doing the supervision for Philadelphia. I called Philadelphia, and I gave them my name and said to them 'I'm not sure what my status is.' ... They put me on hold ... When they came back on they said, 'We don't have anything. We don't see anything here. We'll forward the information to someone and they'll get back to you.'

(January 2018 N.T., p. 18). In response, the Commonwealth simply relied on the written representation of Probation Officer Jadine Brandon alleging no contact by the Appellant (January 18, 2018 N.T., p. 6), coupled with a credibility argument. Specifically, the Commonwealth argued that the Appellant[']s testimony should be discounted because his criminal record suggested that he was not a credible witness noting a conviction for theft by deception in 1994, theft in 1998, forgery in 1999, multiple thefts in 2002, forgery in 2005, fraud offense in 2007, theft by deception in 2010 and retail theft(s) in 2013 (January 18, 2018 N.T., p. 25-26). The Appellant was ultimately found in technical violation of his probation and resentenced to a period of 3 to 23 months of incarceration with immediate parole, followed by 3 years of reporting probation (January 2018 N.T., p. 29). Thereafter, on February 16, 2018, the Appellant filed an appeal alleging that said record did not support the revocation and resentencing.

Subsequently, the Appellant attended three (3) additional violation of probation hearings before this [c]ourt on May 21, 2018, July 23, 2018 and September 24, 2018. At each listing, the Appellant was specifically advised that compliance with probation's rules and regulations was part of his obligation to stay in good standing with this [c]ourt. (September 24, 2018 N.T., p. 6).
Additionally, at the conclusion of the September 24, 2018 hearing, the Appellant signed a subpoena providing him notice of the probation status hearing then set for January 10, 2019 (Docket 0009257-2015, p. 17).

On October 7, 2018 an Order and an Opinion was issued by the Superior Court addressing the Appellant's February 16, 2018 appeal relating to the revocation and resentencing on January 18, 2018. [**Commonwealth v. Weiner**, 200 A.3d 575, 547 EDA 2018 (Pa. Super., filed October 17, 2018) (unpublished memorandum) ("**Weiner I**").] In pertinent part[,] the Superior Court found and ordered the following:

> We reverse the trial court's order finding a probation violation, vacate [Appellant's] judgment of sentence, and reinstate the original probation order.
> Judgment of sentence vacated. Order of probation reinstated.
> Jurisdiction relinquished.
> Judgment Entered.

(October 17, 2018 Superior Court Order and Opinion, p. 6).

On January 10, 2019, the previously scheduled violation of probation hearing was conducted wherein the Commonwealth presented uncontested evidence that the Appellant was arrested on October 28, 2017, in Montgomery County and charged with theft from a motor vehicle. Further, uncontested evidence was presented that on July 18, 2018, the Appellant entered into a guilty plea on said charge (January 10[,] 2019 N.T., p. 7). Appellant was found to be in direct violation of his probation and resentenced to back time with immediate parole, followed by four (4) years of reporting probation. (January 10, 2019 N.T., p. 19).

Appellant filed a motion to vacate this sentence on January 14, 2019; however, this motion was heard and denied [on]

February 6, 2019. It was after the denial of said motion that Appellant filed the instant appeal on February 7, 2019.

Trial Court Opinion, 5/10/19, at 1-4 (footnotes omitted).  Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for this Court's consideration:

1. Did not the lower court violate Rule 708(B) of the Pennsylvania Rules of Criminal Procedure where the lower court's *sua sponte* revocation hearing was untimely?

2. Did not the lower court's *sua sponte* revocation hearing and resultant sentence violate [A]ppellant's state and federal constitutional right to due process as he was not provided adequate notice of a revocation hearing, nor with written notice of the alleged violation, as required by Gagnon v. Scarpelli, 411 U.S. 778 (1973), and Morrisey v. Brewer, 408 U.S. 471 (1972)?

3. Did not the lower court err as a matter of law and violate the principles governing the discretionary aspects of sentencing when it imposed a manifestly excessive and unreasonable sentence, inasmuch as the lower court did not state adequate grounds for imposing such a sentence, such a sentence lacked sufficient support in the record and such sentence failed to give individualized consideration to [A]ppellant's personal history and background, and was in excess of what was necessary to address the gravity of the offense, the protection of the community, and [A]ppellant's rehabilitative needs?

Appellant's Brief at 4-5.[1]

In an appeal from a sentence imposed following the revocation of probation, we review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the

---

[1] For ease of discussion, we have renumbered Appellant's issues on appeal.

discretionary aspects of the sentence imposed. ***Commonwealth v. Wright***, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted). Additionally:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014).

In his first issue, Appellant assails the validity of the revocation proceedings. Specifically, Appellant avers that the trial court failed to hold a timely probation revocation hearing in violation of Pa.R.Crim.P. 708. After review, we conclude that Appellant is entitled to no relief on this claim.

Rule 708 provides, in relevant part, as follows:

> **(B)** Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> > (1) a hearing held **as speedily as possible** at which the defendant is present and represented by counsel;
> >
> > (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B) (emphasis added).

> The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay. The relevant

- 5 -

period of delay is calculated from the date of conviction or entry of guilty plea to the date of the violation hearing.

In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. The court must analyze the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing. Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty.

*Commonwealth v. Woods*, 965 A.2d 1225, 1227-1228 (Pa. Super. 2009) (quoting *Commonwealth v. Clark*, 847 A.2d 122, 123-124 (Pa. Super. 2004)).

The record reveals that Appellant pled guilty to a new crime in Montgomery County on June 18, 2018, and his violation of probation hearing in Philadelphia County, which underlies the instant appeal, was held on January 10, 2019. This resulted in a 206-day delay. *See Clark*, 847 A.2d at 124 (calculating the delay from the date of the new conviction to the date of the probation violation hearing).

Next, we examine the reasons for the delay to determine whether the Commonwealth acted with diligence in scheduling the revocation hearing, and whether Appellant was prejudiced by the delay. *Woods*, 965 A.2d at 1228. Here, the delay in holding the hearing was due solely to Appellant's failure to inform his Philadelphia County Probation Officer of his new conviction in Montgomery County. As noted, Appellant was on probation in the underlying

Philadelphia County case when he pled guilty to theft from a motor vehicle in Montgomery County.

After review, we point out that Appellant has not directed this Court's attention to any authority that places the burden on a Pennsylvania county to scour arrest records in other counties or contact other state or federal agencies to determine if a probationer has committed a new crime. Rather, the record reveals that Appellant was responsible for informing his probation officer of any new arrests or convictions. **See** N.T., 2/6/19, at 5 (Appellant agreed with the trial court's assertion that Appellant was on notice of his responsibility to inform his probation officer within seventy-two hours of any new arrest).

Thus, we conclude that Appellant had notice of his duty to disclose the Montgomery County arrest and guilty plea to his probation officer, yet he failed to do so. We cannot conclude that a probationer who conceals a new conviction, in direct violation of his probation, may later assert that the delay he caused counts against the Commonwealth in a Rule 708(B)(1) "speedily as possible" analysis. Simply stated, it was Appellant's concealment of the new conviction that caused the delay, not a lack of due diligence on the part of the Commonwealth. **Woods**, 965 A.2d at 1228; **cf. Commonwealth v. Gaus**, 446 A.2d 661 (Pa. Super. 1982) (holding that revocation of probation was proper despite a four-year and eight-month delay in holding a revocation

hearing because four years and six months of that delay was caused by the probationer concealing his whereabouts).

Additionally, we discern no merit to Appellant's related argument concerning prejudice. In his brief, Appellant avers that he was prejudiced because, if the trial court had simply reinstated the original sentence pursuant to **Weiner I**, Appellant would have completed that sentence and not suffered "an unnecessary restraint of his personal liberty." Appellant's Brief at 39-40.

After review, we conclude that the delay in holding the revocation hearing did not restrain Appellant's personal liberty. In fact, Appellant's liberty was not restrained between the time of the Montgomery County guilty plea and the revocation of his Philadelphia County probation.

Equally unavailing is Appellant's averment that he suffered prejudice because his probation was set to expire but-for the delay in holding the revocation hearing. It is well settled that the trial court had the authority to revoke Appellant's probation even if it had expired because the violation occurred during the probationary period. **See Commonwealth v. Wright**, 116 A.3d 133, 137 (Pa. Super. 2015) (holding that a sentence for a violation of the terms of probation can be imposed after the expiration of the probationary period if the revocation is based on a violation which occurred

within the probationary period).[2]  Thus, Appellant's assertion of prejudice is meritless.

For these reasons, we conclude that Appellant's challenge to the timing of his revocation hearing under Rule 708 is unavailing.  Accordingly, Appellant is entitled to no relief on his first issue.

In his next issue, Appellant avers that the trial court revoked his probation without complying with the requirements of **Gagnon v. Scarpelli**, 411 U.S. 778 (1973), and he asserts he is entitled to termination of his probation.  Appellant's Brief at 24; Appellant's Reply Brief at 2.  After review, we conclude that there is merit to one aspect of Appellant's claim of error.

Initially, we reiterate that our standard of review is for an abuse of discretion.  **Colon**, 102 A.3d at 1043.  "Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing...."  42 Pa.C.S. § 9771(b).  Our scope of review is limited to the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and the discretionary aspects of the sentence.  **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*).

---

[2] In such a scenario, probation must be revoked and the new sentence imposed "within a reasonable time after the expiration of the probationary period."  **Wright**, 116 A.3d at 137.

When a violation of probation is alleged, a probationer is entitled to two separate hearings. *Commonwealth v. Foster*, 214 A.3d 1240, 1244 n.3 (Pa. 2019) ("*Foster II*") (citing *Gagnon*, 411 U.S. at 782). The probationer is first entitled to a hearing to discern whether the probation violation is supported by probable cause; this hearing is referred to as a *Gagnon I* hearing. *Id.* However, a *Gagnon I* hearing is not required when the probationer is arrested and convicted of a new crime, where that new crime constitutes the basis of the probation violation. *Commonwealth v. Davis*, 336 A.2d 616, 622 (Pa. Super. 1975). If probable cause exists to support revocation of probation, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before probation may be revoked. *Foster II*, 214 A.3d at 1244 n.3 (citing *Gagnon*, 411 U.S. at 782). At the *Gagnon II* hearing, the "minimum requirements of due process" include:

> (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.

*Gagnon*, 411 U.S. at 786 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)) (internal quotation marks omitted); *see also Commonwealth v. Ziegler*, 428 A.2d 220, 222 (Pa. Super. 1981) (explaining the requirements of the *Gagnon I* and *II* hearings).

- 10 -

Appellant argues that he was not afforded a *Gagnon I* hearing. Appellant's Brief at 26. However, as we noted above, when the probation violation is the commission of a new crime, a *Gagnon I* hearing is not mandated because the proceedings in the new crime establish that the probation violation is supported by probable cause. *Davis*, 336 A.2d at 622. Thus, no relief is due relative to a *Gagnon I* hearing.

Appellant also avers that at the January 10, 2019 probation status conference, the trial court, *sua sponte*, transformed the conference into a probation revocation hearing or a *Gagnon II* hearing, and this *Gagnon II* hearing was conducted without affording Appellant notice of the alleged probation violation. Appellant's Brief at 26. Moreover, Appellant avers that because of this deficiency, termination of his probation is required. *Id.* at 30.

The record supports Appellant's assertion that he was not afforded notice of his alleged probation violations. Moreover, the Commonwealth concedes this claim in its brief. Commonwealth's Brief at 5.

It is well settled that "the Commonwealth must strictly comply with the requirement that notice of the alleged violations be in writing." *Commonwealth v. DeLuca*, 418 A.2d 669, 673 (Pa. Super. 1980). Accordingly, we are constrained to vacate Appellant's judgment of sentence, reverse the order finding Appellant in violation of probation, and remand for a proper *Gagnon II* hearing, prior to which the Commonwealth shall provide written notice to Appellant of the alleged probation violation.

*Commonwealth v. Homoki*, 605 A.2d 829, 831-832 (Pa. Super. 1992); *DeLuca*, 418 A.2d at 673.

Finally, Appellant avers, pursuant to *Foster II*, that rather than remanding for a proper *Gagnon II* hearing, he is entitled to the termination of his probation. Appellant's Brief at 24, 30; Appellant's Reply Brief at 2. We disagree.

In *Foster II*, the defendant was on probation when the Commonwealth alleged that he was using social media to sell drugs. *Foster II*, 214 A.3d at 1243. At the defendant's *Gagnon II* hearing, the Commonwealth argued that the defendant's social media posts were a violation of probation because the images showed the defendant holding contraband. *Id.*

> Other than the photographs in question, the Commonwealth presented no evidence at either [of two violation of probation] hearing[s] in support of its contentions. At no time did the Commonwealth mention the conditions of [the defendant's] current probation, present a document, detailing the conditions, or suggest that his conduct violated a specific condition of his probation.

*Id.* at 1244.

At the conclusion of the *Gagnon II* hearing, the trial court found the defendant in violation of his probation, revoked his probation, and sentenced him to eleven and one-half to twenty-three months of incarceration. *Foster*, 214 A.3d at 1244-1245. The defendant filed an appeal, and this Court affirmed the defendant's judgment of sentence. *Commonwealth v. Foster*, 183 A.3d 1027, 3572 EDA 2016 (Pa. Super., filed January 3, 2018)

(unpublished memorandum) ("*Foster I*"). The defendant filed a petition for allowance of appeal that was granted on June 25, 2018. *Commonwealth v. Foster*, 187 A.3d 913, 54 EAL 2018 (Pa. 2018).

After review, our Supreme Court reversed this Court and held that a defendant may be found in violation of probation where the trial court finds, based on a preponderance of the evidence, that the probationer "violated a specific condition of probation or committed a new crime to be found in violation. Absent such evidence, a violation of probation does not occur solely because a judge believes the probationer's conduct indicates that probation has been ineffective to rehabilitate or to deter against antisocial conduct." *Foster*, 214 A.3d at 1243. The Supreme Court held it was not required to remand for a new *Gagnon II* hearing because the only indicia of probation violations were images on social media that the Commonwealth alleged implicated the defendant in criminal activity. *Id.* at 1253. However, these images did not establish a violation of any specific condition of probation or a new crime. *Id.*

We conclude that Appellant's case is readily distinguishable from *Foster II*. In the case at bar, the trial court did not presuppose any facts or findings; rather, Appellant was convicted of a new crime in direct violation of his probation. Therefore, because Appellant directly violated his probation by committing a new crime, *Foster II* is inapplicable and does not preclude a remand for a proper *Gagnon II* hearing. *Foster II*, 214 A.3d at 1253 n.17.

Accordingly, we vacate Appellant's judgment of sentence and reverse the order revoking Appellant's probation. We remand for the Commonwealth to provide Appellant written notice of the alleged probation violation and for a proper *Gagnon II* hearing.[3] *Commonwealth v. Homoki*, 605 A.2d 829, 831-832 (Pa. Super. 1992); *DeLuca*, 418 A.2d at 673.

Judgment of sentence vacated. Order revoking probation reversed. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/20

---

[3] In light of our disposition, we do not reach Appellant's third issue in which he challenges the discretionary aspects of his sentence.

- 14 -