J. S31037/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN PAUL COVERT, | : | No. 303 MDA 2020 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered October 30, 2019,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0005480-2012

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED SEPTEMBER 29, 2020**

John Paul Covert appeals from the October 30, 2019 judgment of sentence entered by the Court of Common Pleas of Dauphin County following the revocation of his probation.  The trial court sentenced appellant to 1-5 years' imprisonment.  Deanna A. Muller, Esq., filed a motion to withdraw her appearance on May 11, 2020, alleging that a direct appeal would be frivolous, accompanied by an ***Anders*** brief.[1]  After careful review, we deny Attorney Muller's motion to withdraw her appearance, vacate the judgment of sentence, and remand for resentencing.

---

[1] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  The Commonwealth did not file a brief in this matter.

Appellant entered a guilty plea to one count each of criminal solicitation of involuntary deviate sexual intercourse ("IDSI") with a person younger than 16 years of age, disseminating explicit sexual material to a minor, unlawful contact with a minor – sexual offenses, corruption of minors, criminal attempt to disseminate explicit sexual material to a minor, criminal solicitation of statutory sexual assault – 4-8 years older, and criminal solicitation of indecent assault of a person younger than 16 years of age.[2] Pursuant to a negotiated plea agreement between appellant and the Commonwealth, the trial court sentenced appellant to 2½ to 5 years' imprisonment on the criminal solicitation of IDSI with a person younger than 16 years of age change on May 21, 2013.[3] On the dissemination of explicit sexual material to a minor and unlawful contact with a minor – sexual offenses charges, the trial court imposed concurrent 5-year terms of probation, to be served consecutively to appellant's prison sentence. The trial court imposed separate concurrent 5-year terms of probation for the corruption of minors and the criminal attempt to disseminate explicit sexual materials to a minor charges, to be served consecutively to the first 5-year term of probation. The trial court imposed no further penalty for the remaining charges.

---

[2] 18 Pa. C.S.A. §§ 902(a), 5903(c)(1), 6318(a)(1), 6301(a)(1)(i), and 901(a), respectively.

[3] The terms of the negotiated guilty plea only applied to the term of imprisonment imposed by the trial court. The terms of probation were left to the discretion of the trial court. (**See** notes of testimony, 5/21/13 at 4.)

On October 30, 2019, following a **Gagnon II**[4] hearing, the trial court determined that appellant violated the terms of his probation that he was serving on the dissemination of explicit sexual material to a minor and the unlawful contact with a minor – sexual offenses charges. (Notes of testimony, 10/30/19 at 5.) The trial court revoked appellant's probation and sentenced him to a term of 1-5 years' imprisonment. (**Id.**) The trial court explicitly noted that the terms of probation for the corruption of minors and criminal attempt to disseminate explicit sexual material to a minor were not affected. (**Id.**)

Appellant filed a timely post-sentence motion on November 6, 2019, which the trial court denied on November 18, 2019. Appellant did not immediately file a notice of appeal. On December 23, 2019, appellant filed a petition pursuant to the Post Conviction Relief Act[5] ("PCRA"), in which he

---

[4] In **Gagnon v. Scarpelli**, 411 U.S. 778 (1973), the Supreme Court of the United States determined a two-step procedure was required before parole or probation may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [**Gagnon I**] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [**Gagnon II**] prior to the making of a final revocation decision.

**Id.** at 781-782.

[5] 42 Pa.C.S.A. §§ 9541-9546.

sought a reinstatement of his direct appellate rights. The PCRA court granted appellant's petition on January 14, 2020, and reinstated appellant's direct appellate rights.

Appellant filed a timely notice of appeal on February 13, 2020. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, Attorney Muller filed a statement of intent to file an ***Anders***/***Santiago*** brief in lieu of filing a Rule 1925(b) statement pursuant to Pa.R.A.P. 1925(c)(4). The trial court filed a memorandum in lieu of an opinion on April 17, 2020. On May 11, 2020, Attorney Muller filed with this court a motion to withdraw as counsel, with an accompanying ***Anders*** brief.

To withdraw under ***Anders*** and its progeny, court-appointed counsel must satisfy certain technical requirements. "First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, [s]he has determined that the appeal is frivolous[.]" ***Commonwealth v. Martuscelli***, 54 A.3d 940, 947 (Pa.Super. 2012), quoting ***Santiago***, 978 A.2d at 361. Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or

> statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. With respect to the briefing requirements, "[n]either *Anders* nor *McClendon* requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal." *Id.* at 359. Finally, counsel must furnish a copy of the *Anders* brief to her client and "advise[] him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of this court's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010), citing *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa.Super. 2005). "[If] counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa.Super. 2007) (*en banc*), quoting *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa.Super. 2004).

Our review of Attorney Muller's petition to withdraw, supporting documentation, and *Anders* brief reveals that she has substantially complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel,

proceed **pro se**, and/or raise any additional points that he deems worthy of this court's attention,[6] and attached to her motion to withdraw a copy of the letter she sent to appellant as required under **Millisock**, 873 A.2d at 751. **See Daniels**, 999 A.2d at 594 (holding that "[w]hile the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent."). As Attorney Muller has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of **Anders**. We, therefore, shall proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

Attorney Muller raises the following issue in the **Anders** brief:

> Did the trial court abuse its discreation [sic] in re-sentencing appellant to a term of one (1) to five (5) years of incarceration on the charges of dissemination of explicit sexual material to a minor and unlawful contact with a minor, where the sentence was excessive and unreasonable?

**Anders** brief at 5 (full capitalization omitted).

Here, appellant challenges the discretionary aspects of his sentence. Specifically, appellant argues that his sentence, "is manifestly excessive such that it constitutes too severe a punishment where [a]ppellant's probation had not previously been revoked, and [appellant] was able to explain the presence

---

[6] Appellant did not file a response.

of the pornography found on his phone, and was gainfully employed and had a stable address during the time he was supervised." (*Id.* at 10-11.)

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), ***appeal denied***, [] 909 A.2d 303 ([Pa.] 2006).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010) (brackets in original).

First, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 902 and 903. Second, he properly preserved the issue in a post-sentence motion that was filed on November 6, 2019. The trial court denied appellant's motion on November 18, 2019. Third, Attorney Muller included a Rule 2119(f) statement in her ***Anders*** brief, in which she, on behalf of appellant, asserts that "the sentence imposed by the sentencing court is

manifestly excessive such that it constitutes too severe a punishment where [a]ppellant's probation had not previously been revoked, [appellant] was able to explain the presence of the pornography found on his phone, and he was gainfully employed and had a stable address during the time he was supervised." (***Anders*** brief at 10-11.) We must now determine whether appellant's claim raises a substantial question.

> [A] determination of what constitutes a substantial question must be evaluated on a case-by-case basis and such question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa.Super. 2016) (citation omitted).

Here, appellant's claim that the length of his sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question. (***See Anders*** brief at 10-11; ***see also Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa.Super. 2006) (citation omitted) (stating, "claims that a penalty is excessive and/or disproportionate to the offense can raise substantial questions").) Therefore, we shall proceed to consider the merits of appellant's discretionary sentencing claim.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse

of discretion." ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa.Super.

2015) (citations omitted), ***appeal denied***, 126 A.3d 1282 (Pa. 2015).

> Upon revoking one's probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that [appellant] has been convicted of another crime, his conduct indicates it is likely he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority of the court. 42 Pa.C.S.A. § 9771(c). Section 9721, which governs sentencing generally, provides that in all cases where the court "resentences an offender following revocation of probation . . . the court shall make as part of the record, and disclose in open court at the time of sentence, a statement of the reason or reasons for the sentence imposed." [42 Pa.C.S.A. § 9721(b).] Failure to comply with these provisions "shall be grounds for vacating the sentence or resentence and resentencing the defendant." ***Id.*** Additionally, this Court has noted that the reasons stated for a sentence imposed should reflect the sentencing court's consideration of the criteria of the Sentencing Code, 42 Pa.C.S.A. § 9701, ***et seq.***, the circumstances of the offense, and the character of the offender. ***Commonwealth v. DeLuca***, [] 418 A.2d 669, 670 ([Pa.Super.] 1980).

***Bynum-Hamilton***, 135 A.3d at 184-185.

Here, the record reflects that the trial court made the following

statement when sentencing appellant:

> Well under the circumstances, I think it speaks to something a little more.
>
> And now, this 30th day of October, 2019, I find the defendant has violated his probation on Counts 1 and 2; revoke same; resentence him this date at Counts 1

> and 2 to be housed, fed, kept and clothed at a state correctional institution for not less than one year, nor more than five years, sentences to run concurrently.
>
> We will give the defendant time credit of 2 months, 16 days, and we note for the record that there are still two, 60-month probationary periods that run consecutive to this sentence.

Notes of testimony, 10/30/19 at 5.

The trial court imposed a sentence of total confinement without including a statement explaining the reasons for the sentence on the record and in open court. *See* 42 Pa.C.S.A. § 9721(b); ***Bynum-Hamilton***, 135 A.3d at 184-185. Accordingly, we vacate appellant's judgment of sentence and remand for resentencing.

Furthermore, we deny Attorney Muller's motion to withdraw.

Judgment of sentence vacated. Motion to withdraw denied. Case remanded. Jurisdiction relinquished.

Dubow, J. joins this Memorandum.

Bowes, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/29/2020

- 10 -